GRANT AND OLDEN *vs.* WALDEN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The sheriff's deed and return upon the execution are *prima facia* evidence of title in the purchaser at sheriff's sale ; and he who seeks to annul such an alienation must show that the formalities required by law were not complied with.

The same *delays and formalities* must be observed in executing writs of *seizure and sale* againt mortgaged property, as are required when property is seized under a writ of *fieri facias.*

So in a sale of immovable property under a writ of *seizure and sale,* issuing on a judgment against third possessors of mortgaged property, *three days* notice is required to be given, *after* seizure, and before advertising; otherwise the sale is void and transfers no right in the property to the purchaser.

This is a petitory action instituted by the plaintiffs to recover three lots of ground in the city of New-Orleans, in the possession of the defendant. Both parties set up title to the property in question, and both derive title from the same source. The defendant pleads a general denial to the action; and alleges that he holds under a good title and is a possessor in good faith. The plaintiffs derive their title from Edward Livingston. The three lots in question, with several others, were sold by the United States Marshal for the Eastern District of Louisiana, under and in virtue of a writ of *venditioni exponas,* from the District Court of the United States, for the Southern District of New-York, against Edward Livingston, and purchased in by John W. Smith, the agent of the United States, on the 11th February 1827, and by him sold and conveyed to the plaintiffs by notarial act passed on the 3d day of June 1828. These lots with others were sold, originally, to satisfy a judgment which the United States had obtained against E. Livingston, and being purchased in by the agent of the United States, the judgment was credited with the amount bid for them.

EASTERN DIS.
*June, 1834.*

GRANT AND
OLDEN
*vs.*
WALDEN.

The defendant was assignee of several judgment debts against E. Livingston amounting to upwards of fourteen thousand dollars, which judgments were duly recorded *anterior* to the sale of this property by the marshal, in February 1827, and operated a general mortgage on all of E. Livingston's estate. After the sale by the marshal, and the purchase by Grant and Oldham in 1828, the present defendant instituted an hypothecary action, in virtue of his general mortgage on Livingston's property, against them as third possessors. He obtained judgment in which the lots in controversy were ordered to be seized and sold to satisfy it. An execution issued accordingly directed to the sheriff of the parish of Orleans. The sheriff made the *seizure* on the 28th day of July 1829, and advertised the property, seized, to be sold on the 29th day of August following, thirty-one days from the seizure, and without giving three days notice to the defendants in execution or third possessors, before advertising. Daniel T. Walden, the plaintiff in execution, became the purchaser. The plaintiffs pray that the lots in question be surrendered up to them, and that Walden be condemned to pay them three thousand dollars for fruits, rents and damages.

The district judge was of opinion the formalities of the sale were complied with; that the title of Walden was good, and superior to that of the plaintiffs: and gave judgment for the defendant. The plaintiffs appealed.

*Maybin* and *Slidell*, for the plaintiffs.

1. The sale to the defendant under his own execution is null, because the delays and formalities of the law were not observed. The sheriff did not give three days notice to the defendants in execution. *Code of Practice art.* 654.

2. The sheriff is required to execute the writ as soon as he receives it, observing the same *delays* and formalities as in writs of *fieri facias*, by giving three days notice after seizure, and before advertising. In this case the property must be advertised thirty full days. *Code Practice,* 643, 654, 655, 667, 670 *and* 745.

3. The sheriff received the execution on the 28th July, and advertised the property to be sold the 29th of August 1829, just thirty-one days afterwards. The law requires thirty-three full days. The sheriff has no discretion; if he can sell in thirty-one days after receiving the execution, he may do the same in *ten*.

4. The three days notice before advertising is required in all seizures ; in the *via executiva*. *C. Pr.* 735; in the *via ordinaria, ib.* 745; in *fieri facias, ib.* 654; in the *writ of possesion, ib.* 632; in the delivery of a slave or other specific object, *ib.* 634.

5. In this case it was necessary, independently of the general objects of the law requiring this notice, to enable us to point out other property of Livingston; and we are bound personally for the debt due from Livingston to Walden. *C. Practice,* 71.

6. This is a forced alienation of property, and the decisions of this court are direct and uniform in requiring all the formalities of law to be strictly complied with; more particularly when our property is taken to pay the debts of another.

7. Walden's right to seize and sell this property, which was purchased and paid for in good faith by the plaintiffs is a matter of strict law, and he cannot complain if we require of him the fulfilment of *all* the requisites of the law. The decisions are uniform and full to this point from the commencement of the court to this time. 4 *Martin,* 513; 8 *id.* 682; 11 *id.* 610; 1 *Mar. N. S.* 596; 6 *id.* 347; 7 *id.* 185. 8 *id.* 247 and 391. 3 *La. Rep.* 418, 425, 476; 4 *id.* 150, 207; 5 *id.* 486.

8. The decisions of the Supreme Court of the United States are in exact accordance with this court on this point. 4 *Wheaton,* 77; 6 *id.* 119. 4 *Peters,* 349.

*Preston* and *Hoffman,* for the defendant.

1. There was no notice of seizure before advertising required in this case, because the writ of seizure issued on a judgment rendered contradictorily with the present plaintiffs,

79

EASTERN DIS. which decreed these lots, particularly, to be seized and sold
June, 1834.
in virtue of the general mortgage against Livingston.

GRANT AND
OLDEN    2. Notice of seizure is only required in an ordinary execu-
vs.
WALDEN. tion or *fieri facias*, to enable the debtor to obtain a release
of a part of the property, if the seizure is excessive, or to
point out other property, and to let him know what is seized,
that he may act as circumstances may require to protect
himself. *Code Practice*, 652, 653, 662.

3. The object of giving notice of the seizure in executory
process is the same, and moreover to enable the debtor to
make the oppositions permitted by law. *Code Practice*, 735,
739, &c. 71.

4. In the case before the court no possible reason can
exist for giving notice of having seized the property. The
debtor was notified by the judgment of what was to be
seized. The seizure could not be reduced, because the judg-
ment directed the whole three lots to be seized. Nothing
else, nothing more nor less could be seized; nor could the
debtor make any opposition to the seizure as that was
made to obtaining the judgment.

5. The article 654 of the *Code of Practice*, relating to writs
of *fieri facias*, alone has no relevancy to the case before the
court; nor are the special cases provided for in article 632
and 634. In this case a particular execution issued against
specific property in pursuance of the power granted by law.
*C. Practice*, 625, 6.

6. If there were any informalities in the sale by the
sheriff, it was incumbent on the plaintiffs to show it. The
sheriff's return and deed of sale declares a compliance with
all the formalities of law. 3 *La. Rep.* 476. 1 *Peters*, 441.
*Phillips on Ev.* 313. 8 *Martin*, 682. *Roscoe on Ev.* 305.

7. The law of Spain was the same as our own. A sale by
authority of justice never could be annulled for the want of
legal formalities; bad faith and lesion, were both necessary
to impeach it. *Febrero, part.* 2, *lib.* 3, *chap.* 2 *sec.* 5, 354.

8. There can be no motive in requiring three days notice
of seizure under an order to seize specific property, but there
is much reason for it under a *fi. fa.* when all the property of

EASTERN DIS.
*June*, 1834.

GRANT AND
OLDEN
*vs.*
WALDEN.

the debtor is liable.   The law has always been construed in this way by the sheriff, and the same  construction has been given  to it in cases of sales  by  syndics who are required to make them *at the same terms and  under the same formalities as property seized on execution is sold.    La. Code*, 2180.

In this case the Judges delivered their opinions *seriatim*.

MATHEWS, J.

This is a petitory  action  in  which  the  plaintiffs  seek  to recover  from the defendant (whom  they  allege to be a possessor without  title,)  three lots of ground  described in their petition, and  situated in the faubourg St. Mary, &c.   The defendant in his answer sets up title.   Judgment was rendered  in  his  favor  in  the  court  below,  from  which  the plaintiffs appealed.

The titles adduced by the  parties  to the  suit  show  that they  claim from the  same  original source, through different channels.   The deed to the plaintiffs  purports  to convey  to them the right  to the  property in  dispute which the United States had acquired under the  Marshal's sale  by virtue of an  execution  levied  on these lots amongst many  others as belonging  to Edward Livingston.   The defendant claims under a sheriff's deed  made  by the sheriff of New-Orleans, in  pursuance  of a sale under  execution issued on a judgment rendered  by the District Court of the first  Judicial District, in which  the lots in question  were  decreed to be subject to several  judicial  mortgages  (of which  the  defendant is assignee,)  resulting  from  the  registry  of  judgments  against Livingston.

The defendant  claiming  title from  the same source from which  the plaintiffs derive  their  rights, he is not at liberty to attack the validity of the title adduced by them.

The question presented by the case  for  decision, relates to the  legal force and effect of the titles  adduced  by the parties litigant.   That shown by the plaintiffs  is good and valid, sufficient  to  authorise  a  recovery,  unless that relied on by the defendant is better.

EASTERN DIS.
June, 1834.

GRANT AND
OLDEN
vs.
WALDEN.

He pursued them in a former suit as third possessor of the property, subjected to judicial mortgages of which he is assignee as above stated. The pursuit was in the *via ordinaria* although he had taken some of the steps required by the Code of Practice to authorise an immediate seizure and sale. That suit ended as I have already stated, in a decree ordering a seizure in execution of these lots specified in the petition as subject to the lien claimed by the plaintiff. The seizure was made by the sheriff, the property was exposed to sale, the plaintiff became the purchaser and now relies on the deed from that officer as evidence of his title.

The validity of this instrument is attacked by the plaintiffs in the present action. They assume as a general principle, that, in forced alienations of property under authority of justice all delays and formalities required by law, must be strictly fulfilled on pain of nullity. Their counsel also assumed in argument that the return of the sheriff on the execution and his recital on the deed that the property was sold after having been duly advertised according to law, afforded no evidence, not even *prima facia*, of the truth of the facts stated in the return or those declared in the deed. The first of these principles I believe to be correct; the latter not so. In relation to sales made by sheriffs and other ministerial officers under executions, it has been settled by decisions of this court that the returns of the officers are to be taken as *prima facia* evidence between the parties to a suit. See 8 *Martin*, 682 *and* 4 *La. Rep.* 473. As it regards sales made under authority of executions issued on judgments our decisions have established the doctrine of presumptions favorable to the course of conduct pursued by ministerial officers in such situations. These presumptions like all others must yield to evidence, adduced to the contrary; notwithstanding the difficulty necessarily inherent in all attempts to prove negative propositions. I see no good reason to change the doctrine already established. To make such a change would require much more forceable reasons than might have

sufficed for the establishment of a different principle in EASTERN DIS.
*June*, 1834.

GRANT AND
OLDEN
*vs.*
WALDEN. the first instance. For, in the belief of the correctness of those decisions many may have been induced to purchase property at sheriff's sales.

Three principal grounds of nullity are alleged against the validity and legal effect of the sheriff's deed, to transfer the property in dispute to the defendant in the present case. First, want of notice of the judgment, second, want of notice to appoint appraisers, and third, want of three days notice to the defendants in execution after the seizure of the property.

As to the two first of these notices required by the Code of Practice, the evidence of the case shows clearly an impossibility that personal service could have been made, for both the defendants were absent from the state: and as to the third it is not pretended that any such notification was ever made.

If the law imperatively requires the last of these notices to be given, and the sheriff failed in the fulfilment of his duty in this respect, the sale made by him and deed consequent thereon, did not divest Grant and Olden (defendants in that case and plaintiffs in this,) of their title to the property now in contest. Whether this proposition be true or false depends on an interpretation of several articles of the Code of Practice. Believing it to be true and being sufficient for the decision of the case, I forbear to determine whether or not the plaintiffs have established negatives in relation to the two first notifications.

The evidence on the record shows clearly that the sheriff proceeded to sell the property thirty-one days after he had received the execution or after he had seized. The law requires real estate and slaves to be advertised at least thirty days before exposure to sale, &c.

By the art. 654 of the *Code of Practice* a duty is imposed on the sheriff by which he is required, as soon as he shall have executed a writ of *fieri facias* "to give notice thereof in writing to the debtor, &c. which he shall deliver to him in person or leave at his ordinary place of residence.

*Art.* 365:" "Three days after this notice the sheriff shall advertise the sale of the property seized, &c."

Had the sale by the sheriff in the present instance been one under an ordinary *fieri facias* without advertisement, thirty days after notice of seizure it must be admitted that it would not have transfered to the purchaser the property sold in consequence of the officer not having pursued the formalities required by law. It would be contrary to the first principle assumed on the part of the plaintiffs and admitted to be correct, to wit: that forced sales are void unless all the formalities required by law be pursued in the alienation of property.

The sale made was in pursuance and in execution of a judgment of the court rendered in a suit prosecuted in the ordinary mode of proceeding in civil actions, and it might be questioned whether the rules applicable to sales under ordinary writs of execution, ought not absolutely to govern the case. But admiting it to partake rather of the mode authorised in executory process, still the conclusion will be the same.

In the chapter of the Code of Practice which treats of executory process, by *art.* 745 it is required of sheriffs that "when they sell property which has been seized conformably to the provisions of this chapter, they must cause the same appraisements to be made and observe the same *delays and formalities* as are prescribed for the sale of property seized in execution." What are these delays and formalities? Respecting judgments subject to "appeal, the party in whose favor one is rendered can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party, &c." This is one of the delays and formalities provided for by law. An other is that, notice of seizure must be given to the *defendant in execution* three days previous to advertisement. *Articles* 654 and 655. The same delays and formalities must be observed in executory process. The last of these formalities and the delay of three days was not observed by the sheriff in executing the judgment which

*The same delays and formalities must be observed in executing writs of seizure and sale against mortgaged property, as are required where property is seized under a writ of fieri facias.*

Walden had obtained against the present plaintiffs; therefore the sale made by him is void, in other words their right to the property was not transfered to the purchaser, because all the formalities prescribed by law were not pursued in that forced alienation.

Much was said in the course of argment by the counsel for the appellee tending to show that the same reasons or just causes requiring notice of seizure in a *fieri facias* have no existance in cases of orders of seizure. This argument was based we presume on the maxims, that, "*lex consistit in ratione*; *cessante ratione cessat ipsa lex*; and that *argumentum ab inconvenienti semper valet in lege*." These maxims may do very well when the law is doubtful. But when it is express and positive and enacted by legislative authority as we believe the articles of the Code of Practice in relation to the subject now under consideration to be, they are without force. The law does not distinguish between these different executions, and we as judges are not permitted to make any distinction.

It is therefore ordered, &c. that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiffs and appellants do recover from the defendant and appellee the three lots of ground as described in their petition, with costs in both courts.

Bullard, J.,

The court is unanimous in adhering to the principle settled in the cases of *Barabino* vs. *Brashears* and of *Lafon* vs. *Lewis*, that the sheriff's deed and return upon the execution are *prima facia* evidence of title in the purchaser at sheriff's sale, and consequently that he who seeks to annul such an alienation must show that the formalities required by law were not complied with. In this case it appears that only thirty or thirty-one days elapsed between the day the writ came into the hands of the sheriff and the sale of the property, and the

Eastern Dis.
June, 1834.

GRANT AND OLDEN
vs.
WALDEN.

So in a sale of immoveable property under a writ of *seizure and sale*, issuing on a judgment against third possessors of mortgaged property, *three days* notice is required to be given *after* seizure, and before advertising; otherwise the sale is void and transfers no right in the property to the purchaser.

The sheriff's deed and return upon the execution are *prima facia* evidence of title in the purchaser at sheriff's sale; and he who seeks to annul such an alienation must show that the formalities required by law were not complied with.

EASTERN DIS.
June, 1834.

GRANT AND
OLDEN
vs.
WALDEN.

question is whether the sheriff was authorized by law to sell without allowing further delay.

It is conceded on all hands that in the case of a *fieri facias* the objection would be fatal, that the sheriff is bound to seize immediately, to give three days notice of the seizure, and to advertise during thirty days after that notice before he can proceed to sell.

The 745th article of the *Code of Practice* requires that "when the sheriff sells property which he has seized conformably to the provisions contained in this chapter, he must cause the same appraisements to be made, and observe the *same delays and formalities* as are prescribed for the sale of property seized in execution." The chapter of the Code containing this provision relates to executory process, and the preceding article applies the same rule to that process whether directed against the original debtor or against a third possessor. In the case now before the court the present plaintiffs were third possessors. I take it to be an admitted principle, that where the law gives a summary remedy, it may be waived and the ordinary way resorted to. If the mortgagee may apply to the judge in chambers for executory process on giving certain previous notice, he may also at his option cite the party to show cause why such process should not issue, and the judgment of the court pronounced contradictorily with the party is, as to the process to be issued in pursuance of it, similar to the fiat of the judge at chambers. I do not think there are two kinds of orders of seizure and sale in any other sense of the word, and I am of opinion that whether issued by the judge summarily or by a court after citation to the third possessors, the execution of the writ is governed by the article 745 of the Code, and the sheriff in executing the writ is not to be guided merely by analogy. The present defendants were third possessors of the lots subject to judicial mortgage, and the proceeding against them was prosecuted under that part of the Code which regulates the hypothecary action, to wit: *part* 1, *chap.* 3, *sec.* 3.

I will not pretend to say that a mere failure to furnish a list of the property seized would have been a fatal objection,

EASTERN DIS.
June, 1834.

GRANT AND
OLDEN
vs.
WALDEN.

*nemo cogitur ad vana*, but I do not see how we can dispense with the three days previous to the advertisement any more than with the thirty days after. They are both equally delays to which the defendant in a *fi. fa.* is entitled. If it would be useless and nugatory to furnish a list when the writ itself leaves no discretion as to what property shall be seized, it does not follow that the *delay* of three days would be equally useless. The possessor is authorised to pay it any moment before the sale and cause the property to be released. The delay is therefore a right accorded to him.

It has been intimated, although I did not understand it as admitted in argument, that a different practice has prevailed, particularly in this district, and fears are expressed that this decision will be productive of much litigation. If I was satisfied that the courts had since the promulgation of the *Code of Practice* put a different construction on these articles and that the practice had been generally acquiesced in, such cotemporaneous interpretation of these provisions would be entitled to great weight in my mind. But on these points the court is not judicially informed, and I am not prepared to yield the conviction of my judgment to the apprehension of future evil.

In my opinion the judgment ought to be reversed, and ours should be for the plaintiffs.

MARTIN, J. *discented.*

The principal argument of the plaintiffs counsel, assumes that the sheriff was bound to give three days notice of the seizure, with a list of the property seized, to the debtor; that the sale could not take place until it had been advertised during thirty days, to be counted from the last of the three days which were to precede the first advertisement. So that the sale could not be legally made till the thirtieth day of August, or thirty-four days after the writ came to the hands of the sheriff.

The counsel of the defendant contends there was no necessity for any notice of the seizure, nor of furnishing any list

EASTERN DIS.  of the property seized; that the sheriff was bound to seize as
*June, 1834.*   soon as he received the writ, without delay, as soon as he
GRANT AND       had seized he was bound to advertise, and at the end of thirty
  OLDEN         days to sell.  So that the sale might have legally been made
   *vs.*        on the 27th of August, or on the thirty-first day after the
 WALDEN.        sheriff received the writ.

The decision of this case depends on the assent which this court may give to either of these propositions.

The writs of execution which our courts are authorised to issue differ from each other according to the nature of the judgments which they are intended to enforce.  *C. Practice, art.* 128.

In the present investigation it will suffice to mention two modes of execution; that by the writ of *fieri facias;* that by the writ of *seizure and sale.*

There are two kinds of writs of seizure and sale; the writ issued by a judge at chambers, on an instrument importing confession of judgment; that issued from a court on a judgment decreeing the seizure and sale of a specific piece of property for the payment of the plaintiff's demand.

The writ under which the property now claimed, was sold, is a writ of seizure of the latter kind.

As to the duty of the sheriff, in seizing, giving notice and selling under this writ, our Code of Practice has no specific provision.

The first paragraph of the third section of the sixth chapter of the Code of Practice, details with considerable minuteness the duty of the sheriff, in seizing and giving notice under the writ of *fieri facias;* and in the next paragraph his duties are treated of in the sale and adjudication of property seized under that writ

The seventh chapter treats with equal detail of the duties of that officer in giving notice and seizing under the first writ of seizure and sale; *i. e.* that obtained at chambers. As to the mode of selling under this writ, the *redactors* of the Code have contented themselves with directing the sheriff in selling property under this writ, to follow the rules prescribed for the sale of property under a writ of *fieri facias.*

EASTERN DIS.
*June*, 1834.

GRANT AND
OLDEN
*vs.*
WALDEN.

Although the Code has not provided any specific provision for the sheriff in the second writ of seizure and sale, his duty is prescribed to him by the writ. He must seize and sell; but this he must not do arbitraily. He cannot sell by private sale, because every judicial sale is made by auction. Sales by auction cannot well take place without being advertised, nor until after some delay to enable creditors to prepare themselves and attend.

This court has held, that although the law had fixed no period, during which sales by constables are to be advertised, these officers were to be governed by the directions given by law to sheriffs.

First, the sheriff, under the writ of seizure and sale, issued by a court, must *seize*. It is contended that as the debtor under a writ of seizure and sale, obtained at chambers, is entitled to a notice of three days before seizur,e he same delay must precede the seizure in a writ issued on a judgment obtained in the ordinary way. This appears to me a *non. sequitur*. The Code does not require in the latter case, which has no similarity in this respect, with the former, in which the delay is ordered.

In the administration of justice some delay must necessarily take place. Delay is also for the benefit of both parties, as that during which the property to be sold is to be advertised. Without this the creditor would often fail from obtaining his due, by the sacrifice of property, and the debtor would in almost every case suffer materially. Other delays are for the advantage of the debtor only, as that which we are considering. It enables him if he has good cause at first to suspend, and finally to prevent the seizure or sale of his property.

But unnecessary delays are waste of time, and the law abhors all waste.

A writ of seizure and sale obtained at chambers comes against the property of the debtor like a clap of thunder. Not so, when the writ is issued to carry a judgment into execution. The debtor has had notice of the creditor's pretensions, has been summoned and offered the opportunity to contest

EASTERN DIS.
June, 1834.

GRANT AND
OLDEN
vs.
WALDEN.

them. The judgment has been pronounced contradictorily with him. His opposition has been overruled and his property decreed to be seized and sold to pay his debts. His creditor by a notification of the judgment has warned him that after the lapse of ten days the sheriff would seize.

It appears to me, that as to the seizure, the writ under which the sale took place, bears greater resemblance to the writ of *fieri facias*, than to the order of seizure and sale obtained at chambers, and that, consequently the provisions regulating a seizure under the *fieri facias* must govern the sheriff. He must as soon as he receives the writ seize, without any delay. *Code of Practice*, 643.

It is however, contended, that if the debtor was not entitled to a delay of three days *before* the seizure, he ought to have had it *after*: The Code requiring the sheriff on the execution of a writ of *fieri facias*, to give notice to the defendant, and to furnish him with a list of the property seized, *id.* 654; and three day thereafter to advertise the property for sale. It is contended that this delay of three days between the seizure and the advertisement is a necessary one even in the case of a writ of seizure and sale; and the debtor having been deprived of it, his property was not sold with the formalities required by law, and the sale did not divest him of his title. To this it is answered, that the Code does not require this delay in the writ of seizure and sale, obtained at chambers; that it is perfectly silent as to this delay in the case of a writ of seizure and sale obtained on a judgment, which has a much greater analogy to the other writ of seizure and sale than to the *fieri facias*. Lastly, that the legislator has avowed the reasons which induced him to direct the delay in a seizure on a writ of *fieri facias*, and has declared they do not exist in the writ of seizure and sale. *Id.* 646, 648. The debtor has a right to object to the seizure of the whole or any part of the property taken, if he points out other property, which he may spare with less inconvenience, to a sufficient amount. This right must be exercised before the property seized be advertised. *Id.* 649. This right does not exist as to property especially mortgaged, or on which there is a privilege; and

EASTERN DIS.
June, 1834.

GRANT AND
OLDEN
vs.
WALDEN.

it is only as to this kind of property that a writ of seizure and sale may be obtained by a judgment, or at chambers. *Id.* 648.

I conclude that as this delay of three days is not required by the Code in the writ of seizure and sale : as none of the reasons which influenced the legislator in directing on seizure under a *fieri facias*, are applicable to the case of a writ of seizure and sale, the sheriff acts correctly when he disregards it in a seizure under the latter writ.

But it is contended that the Code requires the sheriff when he sells property under a writ of seizure and sale, obtained at chambers, to cause the same appraisements to be made, and observe the same delays and formalities as are prescribed for the sale of property seized on execution: *id.* 745; evidently refering to the paragraph which treats *ex professo* of the sale and adjudication of property under the writ of *fieri facias.* It is not in the paragraph thus referred to, but that which treats of the seizure of property, and the notice thereon in the case of a writ of *fieri facias,* that the delay of three days is directed to take place. *Id.* 654, 655. The Code assimulates proceedings on the writ of seizure and sale to those on the writ of *fieri facias* merely in regard to the sale.

It is true, in the paragraph which relates to the sale, the advertisement is directed to take place three days after; the advertisement to be made three days after the notice given to the defendant of the property seized. *Id.* 667. But this delay had been presented and the advertisement forbidden to be made before the expiration of it. *Id.* 654, 655. The sheriff, in my opinion, was not bound merely to obtain a third day to allow a delay which he was not otherwise authorised to give, but was bound, in the case of the writ of seizure and sale to advertise as soon as he had performed the acts required by him, before the delay of three days in the case of a *fieri facias, i. e.* the seizure.

It was admitted in argument that the construction which I place on this part of the Code is that which has generally, if not universally prevailed; it is that which has governed the sheriff of this parish ever since the promulgation of the Code. If the sale to the defendant be set aside, there is not

EASTERN DIS.
June, 1834.

MILLER
vs.
FOUCHER AND
WIFE.
a sale under a writ of seizure which can stand the test. The judgment of this court will uplift the flood-gates of litigation, cupidity will be invited to repeated attacks, and the people will feel alarmed and insecure at the precariousness of judicial sales.

On all the other points made in the case I agree with the majority of the court.

I therefore, think the judgment of the District Court ought to be affirmed.