UTICA,
July, 1830.

Lamourieux
v.
Hewit.

### LAMOURIEUX vs. HEWIT.

A *guaranty* in general terms, warranting the collection of a note, does not authorize a suit against the guarantor by any subsequent holder of the note; it is a special contract, which can be enforced only in the name of the person with whom the contract was made.

Such general guaranty cannot be altered on the trial, so as to make it a guaranty to the plaintiff in the suit, as is done in the filling up of a blank endorsement of a promissory note.

A *guarantee* cannot object *laches* in the holder for not seeking satisfaction of the principal debtor, if a suit be commenced within *three months* after the debt falls due.

The doctrine of *laches* in such case is not applicable if the principal debtor be insolvent.

ERROR from the Madison common pleas. Hewit sued Lamouriex in a justice's court, on a warranty endorsed on a promissory note given by P. Wilkinson, payable to S. Beecher or bearer on the 10th October, 1827. Lamourieux sold the note to one Tuttle previous to its becoming due, and endorsed a warranty thereon in these words : " I warrant the collection of the within note for value received," and signed the same. Tuttle sold the note to one Cummings, who transferred it to one Ingles, who was the holder thereof when it fell due. Ingles sold the note to the plaintiff, who, on the 3d January, 1828, commenced a suit against the *maker* by summons, which was returned *non est inventus*, he having left the state on the 15th September, 1827, insolvent. A suit was then commenced against Lamourieux, in which issue was joined the 17th January, 1828. Lamouriex pleaded the general issue, and objected to the plaintiff's recovery on two grounds : 1. That the ₁holder was chargeable with *laches* in not having sued the maker immediately after the note fell due ; and 2. That the warranty being made to Tuttle, was not transferrible, and the suit should have been in the name of Tuttle. The latter objection was attempted to be obviated by the justice permitting the plaintiff, on the trial before him, to alter the endorsement so as to make the warranty to the plaintiff himself, which was done by interlining the words, " to John G. Hewitt" immediately after the word

" warrant." The justice gave judgment for the plaintiff, and the defendant appealed to the Madison common pleas, where, the same facts appearing, the defendant insisted that the plaintiff was not entitled to recover for the reasons urged before the justice, and for the additional cause that by the alteration of the warranty it had been rendered void. The court decided that the warranty partook of the negotiable nature of the note, and an action might be maintained on it in the name of whomsoever was the holder of the note; that the filling up of the warranty with the name of the holder was allowable, it before being indefinite as to the person to whom the warranty was made ; and as to the other point, they submitted the question to the jury, whether reasonable diligence had been used to collect the money from the maker. The defendant excepted to the decision of the court, and the jury found a verdict for the plaintiff, on which judgment was entered.

*J. A. Spencer*, for plaintiff in error.

*G. C. Bronson*, (attorney general,) for defendant in error.

*By the Court*, SAVAGE, Ch. J. . Due diligence was used in prosecuting the maker. In *Moakley* v. *Riggs*, 19 *Johns. R.* 69, it was held that a delay of 19 months was unreasonable, and discharged the guaranty, and that a term should not have been suffered to pass ; which principle was recognized in *Kies* v. *Tifft*, 1 *Cowen*, 98. But this doctrine was held in *Thomas* v. *Woods*, 4 *Cowen*, 183, not applicable where the original debtor is insolvent.

I am of opinion, however, that an action cannot be maintained on the guaranty in the name of the present plaintiff. The defendant was liable upon his guaranty, not as an endorser of negotiable paper, but as the party to a special contract, which might have been written on a separate piece of paper as well as on the back of the note. The contract was made with Tuttle, and any action upon it must be in the name of Tuttle. Promissory notes are negotiable only by virtue of the statute ; but this negotiable quality is not extended to any other instrument relating to the note. The

justice erred in permitting the plaintiff to alter the contract. Where a note is endorsed in *blank*, the body of the endorsement may be filled up on the trial, but a warranty cannot be altered. The common pleas erred also in sustaining the suit.

The judgment must be reversed.