[ \*456 ]         \*KETCHELL *vs.* BURNS.

On a *guaranty* endorsed upon a note, whereby the *payment* and collection of the note is guarantied to a third person *or bearer,* an action lies by any subsequent holder *in his own name.*

ERROR from the Cayuga common pleas. Ketchell sued Burns in a justice's court, and declared upon a *guaranty,* endorsed upon a promissory note, in these words : " For and in consideration of thirty-one dollars and fifty

cents received of B. F. Spencer, I hereby guarantee the payment and collection of the within note to him or *bearer*. Auburn. Sept. 25, 1837." (Signed) Thomas Burns. The note upon which the guaranty was endorsed, was in these words : " By the first day of July next, I promise to pay Andrew H. Cooper or *bearer*, thirty-one dollars and fifty cents, with use, for value received. Hannibal, Sept. 12, 1837." (Signed) Chauncy C. Parsons. To this declaration the defendant *demurred*, because it was not alleged that judgment had been obtained against *Parsons*, the maker of the note, and that the action could not be sustained against the defendant. The justice overruled the demurrer, and the defendant pleaded to issue. The defendant then, on the trial of the cause, moved that the plaintiff be *nonsuited*, on the ground that the action should have been brought in the name of *Spencer*, and not in the name of the holder of the guaranty. The justice refused to nonsuit the plaintiff, and rendered judgment in his favor. The defendant *appealed* to the Cayuga common pleas, where the cause was tried by a jury, who found a *verdict for the plaintiff, subject to the opinion of the court* upon the question whether the guaranty was such an instrument as gave the plaintiff (a subsequent holder) a right of action thereon *in his own name*. The common pleas were of opinion that the plaintiff had no right to bring an action upon the guaranty in his own name, and accordingly rendered judgment for the *defendant*. The plaintiff sued out a writ of error.

*P. G. Clark*, for plaintiff in error.                                                 [ *457 ]

*J. Porter* for the defendant in error.

*By the Court*, NELSON, Ch. J.   Regarding the legal effect given to this form of guaranty by the decisions in this court, the plaintiff below was entitled to recover.   It amounts to an absolute promise to pay the note if the maker fails at the day.   20 *Johns. R.* 365.   19 *Wendell*, 202.   It is a new note for the payment of the money, upon full consideration, and as it is made payable to Spencer or *bearer*, it is negotiable.   *See also* 17 *Wendell*, 214, and 6 *Conn. R.* 315.

It was supposed that this case should be governed by *Lamourieux* v. *Hewitt*, 5 *Wendell*, 307 ; but there the guaranty did not import an absolute undertaking to pay.   The endorsement was, *I warrant the collection of the within note, for value received ;* importing, simply a special agreement, that if the money could not be collected of the maker, the defendant would pay.   Here the promise to pay is absolute and unconditional to Spencer or bearer—in terms a full negotiable note.

It is agreed if the endorsement had been in blank by Burns, while the note was in the hands of the original payee, the latter might have filled it

up and recovered as on a promissory note payable to himself.   21 *Wendell*, 500.   Here the defendant has done the same and more, for he has added words of negotiability.

Judgment reversed; *venire de novo* by Cayuga common pleas; costs to abide the event.