*190
By the Court,

Bronson, J.
The plaintiff has declared as upon a joint indebtedness by all of the defendants ; and whether he can sever the action and recover against one only, depends on the question whether all of the defendants have contracted an obligation, either as makers or indorsers, within the law merchant relating to promissory notes and bills of exchange. The statute has not provided for a severance in any other class of cases.
Neither Bindley P. Hovey nor Gaston was either maker or indorser of the note within the law merchant; and the suit was not well brought against them, or either of them, in conjunction with Aaron Hovey, the maker. They were guarantors, and were only answerable in that character. In this state we have not lost sight of the distinction between commercial paper and other written promises to pay money; and a man may guaranty the collection or payment of a promissory note, or make any other special undertaking in relation to it, without being regarded either as maker or endorser of the original instrument. The obligation of a guarantor is usually more onerous than that of an indorser: but that consideration does not give the creditor a right to disregard the contract actually made, and substitute another, though less burdensome one, in its place.
Where a third person is -privy to the original consideration, and at the time the note is given indorses an absolute undertaking on the back to pay it at maturity, he may be treated as a joint and several promissor with the party who signs on the face of the note. (Hough v. Gray, 19 Wend. 202.) This stands upon the principle that two instruments of the same general nature, both executed at the. same time and relating to the same subject matter, are to be construed together as forming but one agreement. As he who signs on the face and he who indorses his name upon the back both promise to do the very same thing, to wit, to pay the money at the specified time, they may, without doing any violence to the contract, be regarded as joint makers. And as in point of form each promises for himself *191 the undertaking may be treated as several as well as joint. (See Bank of Oxford v. Haynes, 8 Pick. 423.) (a) In the case at bar, there is no evidence going to show when Lindley P. Hovey put his name on the note; and besides, he is the payee of the note, and could not have been a joint or several maker with Aaron Hovey. As to Gaston, it is quite evident that he had nothing to do with the original concoction of the note, for his name does not appear upon it until nearly three months after the note was given, and after it had passed through the hands of the payee. Gaston cannot therefore be charged as maker. The case of Ketchell v. Burns, (24 Wend. 456,) goes upon the ground that Burns made a new negotiable promissory note on the back of the original note made by Parsons. It lacked nothing of being a complete instrument in itself except a specification of the amount to be paid and the time of payment; and in both of those particulars, it was rendered certain by a reference to another writing on the other side of the same piece óf paper. Burns was not charged as a joint maker with Parsons, nor as a party in any form to the original note; but he was held answerable as upon a new and independent contract. He could not have been sued with Parsons under our statute, for they were not different parties to the same note. If that case was rightly decided, Gaston may be sued as the maker of a new note ; but he cannot be sued with Aaron Hovey, either as a joint or several maker of the original note.
Neither L. P. Hovey nor Gaston can be charged as indorser, for the plain reason that they have severally made an express contract of a different nature, and have not agreed to answer as indorsers. This is not only quite clear upon principle, but it is also settled upon authority. (Meach v. Churchill, 2 Wend. 630. Lamoureux v. Hewitt, 5 id. 307. And see Allen v. Rightmere, 20 John. R. 365.) The contract of guaranty upon this note differs not only in terms, but in its own nature from the contract of *192 indorsement upop mercantile paper; and the two things cannot be confounded without losing sight of the agreement made by the parties, and setting up another in the place of it. The case of Watson’s executors v. McLaren, (19 Wendell, 557, 566,) does not decide, as the reporter seems to suppose, that a guaranty can under any circumstances be treated as the indorsement of a note. The judge was speaking of what was said by counsel on the authority of Upham v. Prince, (12 Mass. R. 14.) True, he afterwards goes on to speak of what “ that case shows,” without expressing, in terms, any dissent from the doctrine; but neither dissent nor approbation was called for on that occasion. But let us see what that case shows, as my brother Cowjen understands it; and he has stated it fairly. It shows “ that the indorser [guarantor] may stand in the double relation of an express guarantor and an implied indorser; being treated as the former by his immediate guarantee, and the latter by a remote transferree.” Now, while I entertain the most profound respect for the learned court which made the decision, I cannot subscribe to any such doctrine. • I see no principle upon which courts can under any circumstances turn an express contract of guaranty into a contract of indorsement. Much less can I agree that a written undertaking means one thing, when in the hands of the first promisee, and another thing when it has been transferred to a third party. A guaranty, as well as an indorsement, may have the effect of transferring the legal title to a note. But the guaranty itself is not a negotiable instrument, and cannot be transferred to a third person so as to give him a legal title to proceed in his own name against the guarantor. As in the case of other contracts which are not in their own nature assignable, the remedy upon a guaranty is confined to the original parties to the instrument. (Lamoureux v. Hewitt, 5 Wendell, 307. Taylor v. Binney, 7 Mass. R. 479. Chit, on Bills, 273, ed. of ’39. And see Watson’s executors v. McLaren, 19 Wend. 557.) I do not intend to include in this remark such an instrument as the plaintiff sued on in Ketchell v *193 Burns, (24 Wend. 456;) which, although it was in the form of a guaranty, contained in itself all the elements of a negotiable promissory note, and was so regarded by the court as we have already seen.
If we recur once more to the case of Upham v. Prince, and take it for good law, it will not answer the plaintiff’s purpose. That case only decides that ,the guarantor may be treated as an indorser when the instrument has passed beyond the party to whom it was given; and when treated as indorser it was thought necessary to show a demand and notice in order to charge.him. In the case at bar the plaintiff is the person with .whom Gaston’s contract was made, and, following the case of Upham v. Prince, he must transfer the guaranty to a third person before it can be transformed into a contract of indorsement. And then the further difficulty remains that the plaintiff treats Gaston as an indorser without showing that the proper steps have been taken to charge him as such. True, as guarantor he could not require proof of demand and notice; but if the. plaintiff will treat him as indorser for one purpose, he must be regarded in that character throughout.
No payee is mentioned in the undertaking of L. P. Hovey, and before the plaintiff can recover against him in his own name he must show that Hovey contracted with him. It seems probable that Hovey passed the note to Gaston ; and as the undertaking of Hovey was not negotiable there is no legal privity of contract between him and the plaintiff, and he can only be sued in the name of the person with whom the contract was made. And whoever sues Hovey must treat him as guarantor, not as indorser.
Gaston is answerable to the plaintiff either as the guar- ■ antor of the note of Aaron Hovey, or as the maker of a new note; but. not as indorser. As guarantor he is only answerable to the person with whom he contracted—the contract not being in its own nature negotiable: but as the maker of a negotiable note he is answerable to any person to whom the note may be transferred. Gaston, whether .treated as maker or guarantor, may be sued alone; *194 but the statute relating to suits upon promissory notes and bills of exchange does not authorize the joining of him with Aaron, and Lindley P. Hovey, or either of them; and the plaintiff should have been nonsuited on the trial. There can be no hardship in holding parties to the contract which they have made.
No valuable end can be answered by confounding the distinctions between commercial paper and other engagements to pay money. It would lead to endless controversy in relation to the form of the remedy, and tend to defeat the legal0 and equitable rights of the contracting parties. We have recently refused to allow the holder of a note to change the contract of indorsement into one of guaranty. (Seabury v. Hungerford, ante, p. 80.) And I am equally opposed to allowing a contract of guaranty to be turned into one of indorsement.
New trial granted.

 See further Lequeer v. Prosser, (1 Hill, 256.)