## NEAL v. SMITH.

1. The indorsee of a promissory note sued the guarantor thereof, upon a guaranty made simultaneously therewith, by a person not a party to the note, in the following words: " For value received, I guarantee the payment of the within note, after legal course and process against the maker S. Farley:" *Held*, that the action was maintainable.

WRIT of Error to the Circuit Court of Lowndes.

This was an action of assumpsit, by the plaintiff in error, against the defendant. The defendant pleaded, 1. *Non-assumpsit*. 2. The promissory note and guaranty described in the declaration have been materially altered without his consent, and are therefore not his acts, which last plea he verified by oath. On the trial, the plaintiff excepted to the ruling of the court. From the bill of exceptions, it appears that the plaintiff read as evidence, the promissory note with its endorsements, as follows, viz: " $2000—On the first day of January, 1842, I promise to pay Reuben Lanier, or order, two thousand dollars, with interest from the 14th of April next, for value received, 24th March, 1840.

STEWART FARLEY."

" Pay the within to James Neal, or order, May 8th, 1840.

R. LANIER."

"For value received, I guarantee the payment of the within note, after legal course and process against the maker, S. Farley.

JOHN N. SMITH."

The plaintiff then proved the hand writing of the defendant, and that the maker of the note was dead; that the defendant was his administrator, and had reported his estate insolvent before the commencement of this suit. The defendant then proved that the guaranty signed by him, was made and delivered to R. Lanier, on the day the note was made, and before the payee indorsed it. Upon this evidence, the court instructed the jury, that the plaintiff who was the payee's indorsee, could not maintain an action in his own name, against the defendant, upon his guaranty; and if they were satisfied that the proof showed such to be the relation of the parties, they should find a verdict for the defendant. The jury returned a verdict in conformity to the charge of the court, and a judgment was thereon rendered for the defendant.

Boling, for the plaintiff in error, argued, 1. The guaranty in its legal effect made the defendant liable as a joint promissor with the maker of the note, and the indorsement of the note gave a right of action to the plaintiff against the defendant. 2. If the defendant is not liable as a joint promissor, then he is liable on his contract of guaranty, to any one who might become the legal proprietor of the note. He cited 20 Johns. Rep. 365; 17 Wend. Rep. 214; 19 Id. 557, 202; 24 Id. 456; 1 Hill's N. Y. Rep. 256.

N. Cook, for the defendant, insisted, that the guaranty was a special contract between the guarantor and the payee of the note; was not assignable in itself and could not be transferred as an incident to the note, so as to give a right of action to the assignee in his own name; and cited Taylor v. Binney, 7 Mass. Rep. 479; Lamourieux v. Hewit, 5 Wend. Rep. 307.

COLLIER, C. J.—The only question presented is, whether the plaintiff is entitled to maintain an action in his own name against the defendant? It is insisted, that the guaranty although made simultaneously with the note, does not enure to the payee alone; as it is not made in favor of any one *eo nomine*, it passes to any subsequent holder of the note, and is in fact a promise to him, on which he may bring a suit. On the part of the defendant it is argued, that the contract was made with the payee, although his name is not expressed; that it does not follow an assignment

of the note so as to vest a legal right in the indorsee, as against the guarantor, and is not in itself negotiable by the law merchant, or assignable under our statute.

In Lamourieux v. Hewit, [5 Wend. 307,] the question was, whether a subsequent holder of a promissory note, could sue in his own name or on a warranty indorsed thereon in these words: " I warrant the collection of the within note for value received," which accompanied a transfer made to Tuttle, a prior party. The judge who delivered the opinion of the court said, " I am of opinion that an action cannot be maintained on the guaranty in the name of the present plaintiff. The defendant was liable upon his guaranty, not as an indorser of negotiable paper, but as the party to a special contract, which might have been written on a separate piece of paper, as well as on the back of the note. The contract was made with Tuttle, and any action upon it must be in the name of Tuttle. Promissory notes are negotiable only by virtue of the statute; but this negotiable quality is not extended to any other instrument relating to the note." And it has been said that a special guaranty arising on a credit is not negotiable, and that a guaranty does not partake of the quality of the note on which it is indorsed, so as to pass and vest the legal interest in the holder, even though the latter should be payable to bearer. [Dean v. Hall; 17 Wend. Rep. 218.]

In Hough v. Gray, [19 Wend. Rep. 202,] the defendant simultaneously with the making of the note indorsed a guaranty thereon as follows: " This may certify that I guarantee the payment of the within note, dated 7th January, 1834." The consideration of the note was property sold by the payee to the maker, for which the former refused to give credit to the latter, unless the guarantor became his surety. Under these circumstances, the court considered the defendant as a co-maker; and held, that he was properly sued as such; but intimated that if his indorsement had been in blank, he would have been entitled to the privilege of an indorser. [See also Dean v. Hall, 17 Wend. Rep. 214, and cases there cited. But see Jordan v. Garnett, 3 Ala. Rep. N. S. 610; Milton v. DeYampert, Id. 648.]

In Watson's ex'rs, v. McLaren, [19 Wend. Rep. 557,] the declaration alleged, that the plaintiff was the owner and holder of a promissory note, particularly described; that on the day of its date for a valuable consideration received of the plaintiff, the de-

fendant made and subscribed an instrument in writing (which is set out literally.) This instrument describes the note, and is a general guaranty of its payment. The defendant moved for a non-suit for the following, among other reasons. 1. That the guaranty being a *separate* and distinct instrument, was *not negotiable,* and consequently an action thereon could not be maintained in the name of the plaintiff, who was not the payee. 2. That the guaranty was void, *no promise* being named therein; or if not void for that cause, it was not proved that the contract of guaranty was made with the plaintiff. 3. That the guaranty was void for want of a consideration expressed; that the words "for value received" do not import or show any consideration; that they are merely descriptive of the note referred to.

In respect to these objections, it was held, 1. That a separate guaranty of a negotiable note or bill, does not, like an acceptance, or indorsement, run with its principal, but must end where it began, like a bond or other chose in action; the suit therefore should have been brought in the name of the party in whose favor the contract was directly made. 2. The obvious intent of one who makes a general guaranty in which the name of no promisee is expressed, is to indemnify any man of the whole community, who should advance money on the credit of the note, and especially on the credit of the guaranty. By making a guaranty with the intent that the makers of the note should obtain money upon it, from any person that they pleased, the guarantor made them his agents to go in person, or by any other, and upon procuring the money, the promise is deemed in legal effect, to have been made to him who advances it. The guaranty was first a proposition to all the world, made on valuable consideration; and on its acceptance the contract became complete, and may be made good by averment. The intent is the question; and the promise may be shown by extrinsic proof. [See also Phillips v. Bateman, 10 East's Rep. 355; Watson v. Dodson, 3 Car. & P. Rep. 162; Gazelee J. Bradley v. Cary, 8 Greenl. Rep. 234; Brown v. Gilman, 13 Mass. Rep. 158; Douglass v. Wilkeson, 6 Wend. Rep. 637.] 3. That the words, "for value received" sufficiently express a consideration for the defendant's promise.

Where a note payable to A H C, or bearer, by C C P, was some days after its date, for a sufficient consideration, received of B F S, indorsed by T B, by which he guaranteed "the payment

and collection of the within note to him or *bearer;*" the court held, that the guaranty amounted to an absolute promise to pay the note, if the maker fails at the day.   It is a new note for the pay-ment of the money, and as it is made payable to S, or *bearer,* it is negotiable.   [Ketchell v. Burns, 24 Wend. Rep. 456.]   The court distinguished that case from Lamourieux v. Hewit, *supra;* upon the ground that the guaranty in the former case, was an ab-solute promise; but in the latter, the terms employed, " I warrant the collection of the within note for value received," imported a special agreement, that if the money could not be collected by the maker, the guarantor would pay it.   [See 20 Johns. Rep. 365; 6 Conn. Rep. 315; 7 Mass. Rep. 479; 8 Pick. Rep. 423; 1 and 2 Ohio Rep. 499; Douthitt v. Hudson & Brockman, 4 Ala. Rep. 110. Curtis v. Smallman, 14 Wend. Rep. 231;] and in Luqueer v. Pros-ser, et al. 1 Hill's N. Y. Rep. 256, the plaintiff, sued as bearer of a joint and several promissory note, payable to Parsons or bear-er, made by E & A:  E & A and Prosser were sued as makers, the latter having signed a writing indorsed on the note in these words: " For value received I guarantee the payment of the within note, and waive notice of non-payment."   The court held, that the note and indorsement made but one instrument, and that the obligations of all the promisors were identical throughout ; that when the indorser says, " I guarantee the payment of the within note," he promises the future holder as well as the payee. " The authorities say rightly, he has done the same as if he had signed as surety.   By reference, the guaranty becomes a part of the principal note.   The guarantor becomes surety for the note, as it is payable *to bearer,* without declaring that he will engage to any other payee." [See Cumpston v. McNair, 1 Wend. Rep. 457.]

Chitty, in treating of a guaranty for the payment of a note or bill, remarks, that it is effectual only between the parties to it, and is " not transferrable at law, in equity, or in bankruptcy," and the action or proof upon it, must be on the special agreement, or the consideration which existed before, or passed at the time of the transfer.   [Treatise on Bills, 9 Am. ed. 273.]   Whether the learned author is speaking of a guaranty indorsed on the note or bill, or has reference to one written on a separate paper, he does not distinctly inform us, but we infer from all he says on the sub-

ject, that it is the latter he had in view. But the view which we take of the case makes this an immaterial inquiry.

The guaranty is in its legal effect a general undertaking by the guarantor, that if suit is promptly brought against the maker of the note, and the money not collected, or if the maker was insolvent, so as to render a resort to coercive measures unavailing, then he, (the guarantor) would pay it. He does not stipulate with the payee exclusively, but his promise is to the payee and every other person who shall subsequently become the legal holder of the paper. As no promisee is named in the guaranty, the obvious intention of the guarantor was, that it should enure to every person who should become the proprietor of the note, and be accessorial to it. This intention is clearly inferable from the nature of the engagement, and the terms employed. By failing to limit the guaranty to to the payee or other person, and engaging that the note should be paid, if the condition expressed was complied with, the contract of the guarantor is as unlimited as it respects the promisee, as if he had used the term *holder*, or *bearer*. But it is unnecessary to discuss this point at greater length, for the authorities cited, show that this is the correct view of the law.

The question suggested by the case of Ketchell v. Burns, *supra*, is, does the condition upon which the defendant's promise was to become absolute, exempt it from the influence of the principle we have stated? In that case, the guaranty was to "B F S, or *bearer;*" the court held, that the bearer of the note might maintain an action against the guarantor, and said that in Lamourieux v. Hewit, the guaranty was a special agreement, and could not be sued on by any one else than him, in whose favor it first became operative. The undertaking in the latter case, though not in terms, is in its legal effect, identical with that on which the action in the case at bar is founded, and if that case is acknowledged to be authoritative, it is decisive of the present. [See Grannis & Co. v. Miller & Wilkins, 1 Ala. Rep. 471; Douthitt v. Hudson & Brockman, 4 Ala. Rep. N. S. 110.]

In respect to a promissory note, it is said that under the law merchant, or as aided by the statute of *Anne*, it is essential that it should be payable at all events; and if it be not thus payable, it cannot be negotiated so as to invest the indorsee with a right of action in his own name. Without stopping to consider the law

on this point, it may be conceded to be as stated, without affecting, in any manner the question before us. The guaranty as we have seen is in favor of the holder of the note for the time being, who may be a different person, as often as the legal interest is transferred. We are not aware of any rule which would prevent any holder of the paper, from suing in his own name, on such a contract. The undertaking of the guarantor is quite as potent as if the term "bearer" were used both by him and in the body of the note, and the authorities applicable to such a state of fact, are directly in point in the present case.

A note payable to A B, or bearer, or to the bearer, is an original promise by the maker, to pay any person who shall become the bearer; it is therefore payable to any, and every person, who successively holds the note *bona fide*, not by virtue of any assignment of the promise, but by an original and direct promise, moving from the maker to the bearer. [Bullard v. Bell, 1 Mason's Rep. 252; Bank of Kentucky v. Wister and others, 2 Peters' Rep. 326; Chitty on Bills, 9 Am. ed, 178; Grant v. Vaughan, 3 Burr. Rep. 1522, *et post;* 1 Cranch's Rep. 389, Appendix.] In Gorgier v. Mieville and another, [3 B & Cresw. Rep. 45,] the same rule was considered applicable to a bond, or a specialty. [See also 3 Kent's Com. 59, 1st ed.] True, in Sayre v. Lucas, [2 Stewart Rep. 259,] it was decided by this court, under its old organization, that a specialty payable to A B, or bearer, was not transferable by delivery, so as to authorise the bearer to sue upon it in his own name. In that case, the court were not unanimous, but the judgment was dissented from by two of the judges; and although it has not been expressly overruled, subsequent adjudications lay down principles which are irreconcileable with it. Thus in Robinson v. Crenshaw, [2 Stewart & P. Rep. 276,] it was held, that a promissory note payable to bearer, was assignable by delivery, so as to invest the assignee with a right of action; that its assignability did not depend upon our statute "concerning the assignment of bonds, notes, &c., and for other purposes;" [Aik. Dig. 328,] but upon the contract of the maker, as expressed on the face of the paper. So in Carroll v. Meeks, [3 Porter's Rep. 228,] it was objected, that the bearer of a promissory note payable to a person by name, or bearer, could not maintain an action against the maker. This court thus answered the objection; "we deem it sufficient to say, that the note is an origi-

nal promise by the maker, to pay any person who shall become the bearer of it. The right therefore of the bearer to the action is the same which he would have had, if the word bearer had been omitted, and the note had been made payable to the plaintiff *eo nomine,* instead of designating another payee. If such had been the case, the plaintiff's right to sue, would have been undoubted.

We have thought it proper to consider the law thus at length, that it may be seen that the right of the bearer of paper to sue upon a writing to which he was not originally a party, is not influenced by the principles of commercial law, or dependent upon a statute; but arises out of the common law operating upon the terms in which a party has undertaken the performance of a duty. This being the case, it would seem necessarily to follow, that it was immaterial whether the contract was evidenced by a bond, note, or other form of security, or whether the promise was absolute or conditional in its inception. Whenever the condition was performed, the duty would become absolute in favor of the promisee, who was designated; or it would enure to any one who might become the bearer in virtue of the agreement of the promissor. We have already said that the case before us, is analogous in principle, to the case of a note payable to bearer, and as it would be competent for the bearer to sue in his own name, under such circumstances, the holder may maintain an action by showing that he is the legal proprietor of the note. The consequence is, that the circuit court erred in the charge to the jury; its judgment is therefore reversed and the cause remanded.

In illustrating this case by reference to a note or writing for the payment of money to the *bearer,* we have considered the right and the remedy as it existed at common law. We make this remark lest it may be supposed that the act of 1837, which declares that bonds, bills and notes payable to bearer, shall only be sued in the name of the payee or his indorsee, has been overlooked. This statute has no application to the case at bar.