It is said on the one side, that the defendant is the maker of a promissory note, and liable as such; and on the other side, that he is an endorser, and has been discharged for the want of demand and notice. And strange as it may seem, there are cases in the books which go to uphold both of these positions. But they are both wrong. The defendant is neither maker nor endorser of a promissory note. On the contrary, he has in very plain terms made a contract of a different kind from either of those — one well known to the law; and by that contract he must either stand or fall. He has guarantied the payment of G.F. Brown's note; and we have no right to turn that contract into one of a different kind. This is so plain a principle that it would seem to be enough to mention it, without saying any thing more. And yet there are cases which hold, that the guarantor of a promissory note may sometimes be treated as maker, and sometimes as endorser. This has usually been allowed for the purpose of giving effect to the supposed intention of the parties, as ascertained from extrinsic evidence; *Page 227 
though there has not always been so fair an apology for altering the contract. But on whatever ground the courts may have acted, it is a dangerous proceeding. At the very best, it violates the salutary rule, that all prior negotiations between the parties are to be deemed merged in the final written agreement; and allows that agreement to be overruled by the conversations which preceded it. If the parties have made a mistake in drawing up their contract, the instrument may be reformed in equity, by a direct proceeding for that purpose. But the courts can have no right; under color of construing the agreement, to say that it means something else from what the language of the instrument plainly imports. I have contended earnestly, though not always with success, for this doctrine. (Seabury v. Hungerford, 2Hill, 80; Miller v. Gaston, id. 188; Manrow v. Durham,
3 id. 587; Leggett v. Raymond, 6 id. 639.) But the side of truth and principle will sooner or later prevail; and the decisions of the court of errors in Hall v. Newcomb, (7Hill, 416; 3 id. 233, S.C.) and of this court in Spies v.Gilmore, 1 Comst. 321,) have greatly shaken, if they have not entirely overthrown the cases in which the courts have taken the liberty to remodel the contract of the parties. Those cases have never had any ground of principle to stand on, and I trust they will never again be cited as authority in this state.
I do not mean that the very words of an agreement are always to be followed. Construction is often necessary for the purpose of ascertaining what the parties intended by the words which they used. But when the meaning of the instrument has been ascertained, the office of construction is at an end; and the contract can only be enforced as the parties have made it. The defendant has very plainly contracted as a guarantor. If he is not liable as such, he is not liable at all; and if he is liable as such, he cannot get rid of the obligation by calling himself an endorser, or any thing else.
The undertaking of the defendant was not conditional, like that of an endorser; nor was it upon any condition whatever. It was an absolute agreement that the note should be paid by the maker at maturity. When the maker failed to pay, the *Page 228 
defendant's contract was broken, and the plaintiff had a complete right of action against him. It was no part of the agreement that the plaintiff should give notice of the non-payment; nor that he should sue the maker, or use any diligence to get the money from him. The cases in Massachusetts, Maine and Pennsylvania, which hold a different doctrine, (Oxford Bank v. Haynes, 8 Pick. 423; Talbot v. Gay, 18 id. 534; Gamage v. Hutchins, 23Maine, 565; Gibbs v. Cannon, 9 Serg. R. 198; Isett v.Hoge, 2 Watts, 128,) are not law in this state. With us proceedings against the maker are only necessary where there is a guaranty of collection. The point was decided long ago that a guaranty of payment, like the one in question, is not conditional, but an absolute undertaking that the maker will pay the note when due. (Allen v. Rightmere, 20 John. 365.) All of our cases go upon that ground. Some of them go so far as to hold, that the guarantor may be treated as the maker of a promissory note. (Manrow v. Durham, 3 Hill, 584; Luqueer
v. Prosser, 4 Hill, 420; 1 id. 256.) That doctrine cannot be defended. Although the undertaking is absolute, it differs essentially from a promissory note. The guarantor does not promise to pay himself, but that the maker will pay. Still, such cases prove that our courts are far enough from holding the contract to be conditional.
It follows from what has been said, that the evidence offered by the defendant was properly excluded. Proof that when the note became due, and for several years afterwards, the maker was abundantly able to pay, and that he had since become insolvent, would be no answer to this action. The defendant was under an absolute agreement to see that the maker paid the note at maturity.
If there had been an endorser on the note prior to the guaranty, and the plaintiff had allowed him to be discharged by neglecting to demand payment and give him notice, it may be that the defendant would have had a good answer to the action. But it is not necessary to consider that question; for there was no endorser, and nothing has been done or omitted to discharge the maker. If the defendant wished to have him sued, he should have taken up the note, and brought the suit *Page 229 
himself. The plaintiff was under no obligation to institute legal proceedings.
The only remaining question is on the statute of frauds. (2R.S. 135, § 2.) If the case is within the statute, it is impossible to get over the objection that no consideration is expressed in the guaranty. I know it was held in Manrow v.Durham, (3 Hill, 584,) that a guaranty like this was a promissory note, which imports a consideration, and was therefore valid. But that case, which has been questioned elsewhere, (Story, Prom. Notes, 597,) as well as at home, cannot be law. An undertaking that another man will perform his contract is not a promissory note. It is not within any definition which was ever given of a promissory note, and it cannot be held to be such, without confounding all legal distinctions in relation to the nature of contracts.
But I think the statute of frauds does not apply to this case. Although in form this is a promise to answer for the debt or default of another, in substance it is an engagement to pay the guarantor's own debt, in a particular way. He does not undertake as a mere surety for the maker; but on his own account, and for a consideration which has its root in a transaction entirely distinct from the liability of the maker. The defendant was a debtor to the plaintiff, and gave the note, with the guaranty, to satisfy that debt. This belongs to the third class of cases mentioned by Kent, Ch. J., in Leonard v. Vredenburgh; (8John. 38, 9;) there was a new and distinct consideration independent of the debt of the maker, and one moving between the parties to the new promise. In such cases, where the party undertakes, for his own benefit, and upon a full consideration received by himself, the promise is not within the statute. It would be good without any writing. The point was decided by the supreme court in Johnson v. Gilbert, (4 Hill, 178,) and I do not think it necessary to refer to other cases holding the same doctrine.
The case of Manrow v. Durham might have been placed upon the same ground on which I have put this, if Durham alone had signed the guaranty. He made the promise upon a new consideration, moving between the plaintiff and himself. *Page 230 
But Moulthrop, the other defendant, was a mere surety; and as to him, the case was clearly within the statute.