GILBERT MILKS, Respondent, v. CHARLES J. RICH, Appellant.

Where the holder of a promissory note, ostensibly acting for himself, sells the same for a valuable consideration, and upon the sale, promises orally that the note is good and will be paid at maturity, the promise is not within the statute of frauds, and the promissor is liable thereon in case of non-payment.

The promise may be regarded, not as one to answer for the default of the maker, but as one to pay the purchaser for the money had, in case the maker does not.

(Argued February 6, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 15 Hun, 178.)

This action was brought upon an alleged oral guaranty or promise, upon the part of defendant, at the time of the sale and transfer by him to plaintiff, that the note was good and would be paid at maturity.

The note in question was made by C. E. Marsh, payable to the order of S. S. Marsh, and indorsed by the latter. Plaintiff's evidence was to the effect that defendant represented to him he had received the note from the Marshes for moneys advanced by him to them to purchase apples; that he stated that the note was perfectly good and would be paid at maturity, and thereupon plaintiff purchased the note. He caused it to be presented when due at the place of payment specified therein, but the same was not paid.

*C. D. Murray,* for appellant. The promise claimed to have been made by defendant being contingent upon the default of a third person, was void under the statute of frauds. (2 R. S., 136, § 2; *Bell* v. *Dagg,* 60 N. Y., 528; id., 238, 240; *Brown* v. *Weber,* 38 id., 187.)

*Wm. H. Henderson,* for respondent. Defendant's agreement was not within the statute. (*Dauber* v. *Blackney,* 38 Barb., 432; *Fowler* v. *Clearwater,* 35 id., 143; *Losee* v. *Williams,* 6 Lans., 228; *Johnson* v. *Gilbert,* 4 Hill, 178; *Leonard* v. *Fredenburg,* 8 J. R., 29; *Brown* v. *Curtiss,* 2 N. Y., 225; *Mallory* v. *Gillett,* 21 id., 412; 423; *Cardell* v. *McNiel,* id., 336; *Saunders* v. *Gillespie,* 59 id., 250; *Bruce* v. *Burr,* 67 id., 237.) The language used by the defendant on the sale of the note constituted an express warranty of payment. (*Bruce* v. *Burr,* 67 N. Y., 237; *Cardell* v. *McNiel,* 21 id., 336.)

EARL, J. We must assume here the most favorable construction which the evidence will bear for the plaintiff, as all conflict and doubt has been settled in his favor by the jury. We may assume, then, as the effect of the evidence (although it is not very satisfactory), that the defendant, in borrowing the money of the plaintiff and disposing of the Marsh note to him, was ostensibly acting for himself, and not as agent for Marsh, and that he promised that the note was good, and would be paid at maturity. The defendant claims that

this promise, not in writing, is void under the statute of frauds. The reasoning to take this promise out of the statute is quite subtle, and I should have much difficulty in yielding it my assent, but for the authorities which I think ought now to control. The following are some of them : (*Fowler* v. *Clearwater*, 35 Barb., 143; *Dauber* v. *Blackney*, 38 id., 432; *Lossee* v. *Williams*, 6 Lans., 228; *Johnson* v. *Gilbert*, 4 Hill. 178; *Brown* v. *Curtiss*, 2 N. Y., 225; *Cardell* v. *McNiel*, 21 id., 336; *Bruce* v. *Burr*, 67 id., 237.) In *Johnson* v. *Gilbert*, the plaintiff, at the defendant's request, paid one James Sherwood a debt which the defendant owed Sherwood, and in consideration of that payment, the defendant transferred the note of one Eastman to the plaintiff, and guaranteed the payment of the note. It was held that this guaranty was not within the statute of frauds. Judge BRONSON said in that case, by way of illustration, that if A. sells and delivers his horse to B., and B. delivers to A. the note of C. for one hundred dollars, and agrees that the note shall be paid at maturity, it is an original undertaking, and not within the statute of frauds. In *Dauber* v. *Blackney*, Judge HOYT, writing the opinion of the court, and reviewing many decisions, said : " That wherever the holder of a note against a third person turns it out in payment of his own debt, or in payment of property purchased, or for money received by him from the person to whom he transfers it, and at the same time agrees that the note is good, or will be paid at maturity, or that it will be collected by due process of law against the maker, this is an undertaking, in substance, entirely for his own benefit and advantage, and the contract is valid, although it rest entirely in parol, and is not within the statute of frauds." In *Cardell* v. *McNiel*, the defendant, making a purchase of a horse of the plaintiff, delivered to him the chattel note of a third person in part payment, and agreed by parol that the maker was good, and that the note would be paid when due, and it was held that the agreement was not within the statute of frauds. Judge COMSTOCK said : " In mere form it was certainly a collateral

undertaking, because it was a promise that another person should perform his obligation. But, looking at the substance of the transaction, we see that the defendant paid, in this manner, a part of the price of a horse sold to himself. In a sense merely formal, he agreed to answer for the debt of Cornell. In reality he undertook to pay his own vendor so much of the price of the chattel, unless a third person should make the payment for him, and thereby discharge him." In *Bruce* v. *Burr*, defendant contracted to sell and deliver to the plaintiff a quantity of books, receiving in payment therefor of the plaintiff the promissory note of one Lund. At the time of the transaction, the plaintiff orally guaranteed that Lund was responsible, and that the note would be paid at maturity. It was held that the guaranty was not within the statute of frauds.

Here the money was delivered to the defendant for his own benefit, and the Marsh note was delivered to and received by the plaintiff as a mode of paying the plaintiff for the money thus had. The defendant's promise may be regarded, in effect, not as a collateral promise to answer for the default of Marsh, but as a promise to pay the plaintiff for the money he had had, in case Marsh did not pay him, like the promise of one to pay his own debt, in case a third person did not pay it. Within the principles laid down in the authorities above cited, such a promise is not within the statute.

The judgment should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment affirmed.