OMAHA NAT. BANK *v.* WALKER and another.

*(Circuit Court, D. Nebraska.* January 3, 1881.)

1. PROMISSORY NOTE—COLLECTION GUARANTIED—SUIT BY ASSIGNEE.
   Where a promissory note is transferred, and the collection of it is guarantied by the payee in the following form, to-wit, "This note is transferred, and the collection of the same guarantied to the holder hereof," the makers can make any defence to a suit commenced by an assignee that could have been made to a suit if commenced by the payee, notwithstanding the assignee may take the note before due, and without knowledge of any infirmity in the note.

Motion for New Trial.

*E. Wakely,* for plaintiff.

*G. M. Lambertson,* for defendant.

DUNDY, D. J. This suit is based upon a promissory note made by the defendants to one John W. Hazzard, who transferred it to the plaintiff for value before due. The note bears date January 1, 1879, and in terms binds the defendants to pay said John W. Hazzard, or order, $1,500, two months after the date thereof, with interest at the rate of 12 per cent. per annum after due. The defendants also agree to pay a reasonable attorney's fee, not exceeding 10 per cent., in case it should be necessary to commence suit to enforce the payment of the note. On the note is found the transfer of the same in the following form, to-wit:

"This note is transferred, and the collection of the same guarantied to the holder hereof by

"JOHN W. HAZZARD,
"GEO. HAZZARD."

The note was duly protested for non-payment, whereupon suit was commenced against the makers in this court. The defendants answered in due time, and admitted the execution and delivery of the note, but denied—*First,* that John W. Hazzard, the payee, had ever transferred the note to the plaintiff; *second,* that the defendants had ever received any consideration whatever for the making and delivery of the note; and, *third,* that the plaintiff had actual notice of the object and intention of the parties to the transaction, and

consequent knowledge of the want of consideration, at and before the time of the alleged transfer. A jury trial was had, which resulted in the jury returning a general verdict for the defendants.

The plaintiff moved to set aside the verdict for the reasons—*First*, that the verdict was not sustained by the evidence; and, *second*, because of errors committed by the court during the progress of the trial.

There is no sort of doubt whatever about the note having been given without consideration. The proof on that point was abundant, and it was not ever claimed by the plaintiff that any consideration ever passed from either of the Hazzards to the defendants, before, at the time of, or since the making of the note, on which such a promise can be supported. On the contrary, it was expressly admitted by the plaintiff before the court and jury, and during the trial, that there was an entire absence and want of consideration for the giving of the note. The note sued on, then, at least between the parties to the original transaction, was a mere *nudum pactum*, and, as between them, payment of the note could not have been enforced in a court.

The plaintiff sought to obviate this difficulty by showing, or at least attempting to show, that it took the note in the usual course of its business, before the same became due, and without notice of the infirmity of the note. There was, however, some testimony which might tend to show that the cashier of the plaintiff had knowledge of the fact that the note was given for a purpose other than the one to which it was applied. At all events, the proof before the jury showing want of consideration for the giving of the note was abundant, and if the jury was justified in acting on such proof, then the verdict must stand unless it be contrary to law. The errors said to have been committed by the court consist, in the main, of two or three written instructions given to the jury on behalf of the defendants, which instructions are claimed to be erroneous, and prejudicial to the rights of the plaintiff. It has not been made apparent that the instructions complained of are at all erroneous, nor is it thought that their

correctness can well be controverted. But, as I now view the law that applies to this case and must control the rights of the parties, it is wholly immaterial whether the instructions complained of were right or wrong. If the defendants were in a position to enable them to show a want of consideration for the giving of the note, then the verdict of the jury is clearly right; for, as before stated, it was fully conceded on the trial that no consideration passed from Hazzard to the defendants as an inducement to make the note. The note is made payable to John W. Hazzard, but it was, as a matter of fact, "transferred and the collection of the same guarantied" by George Hazzard, he signing the name of John and his own to the guaranty. But whether he had the rightful authority to use the name of the payee in this connection did not clearly appear; nor do I think it necessary to examine this question, notwithstanding much importance was attached to it in the argument.

Now, can such a "transfer and guaranty of collection" of a promissory note be regarded as an indorsement of commercial paper so as to bring the transaction within the principles regulated and controlled by the law merchant? If not, then the defendants were in a position to insist on the defence which seems to have been available to them, notwithstanding the bank may have purchased the note without knowledge of such defence.

It is, perhaps, correct to say that the title to this note would have passed to the bank, so as to have enabled it to maintain a suit without any indorsement or written transfer thereof or thereon. But in such a case as that the purchaser would take the note subject to any defence which might be made to a suit instituted in the name of the payee. The usual and ordinary rules and regulations governing the sale and transfer of commercial paper must be observed in order to cut off defences available as against a payee. Negotiable promissory notes are usually made payable to a particular person, or bearer, or order, and the title thereto passes by sale and delivery, without any formal indorsement. Other apt words may possibly supply the places of the well-known

ones of "order" or "bearer," which are the ones in universal use. Notes transferred and properly indorsed use one or the other of those expressive words. If neither is used in an indorsement, but the same is made in blank, the holder for value has the right to fill up an indorsement, so as to make it conform to the custom prevailing at the time, and as sanctioned by the law merchant. Such an indorsement carries with it a new liability on the part of the indorser. He virtually guaranties the payment of the note when due, and agrees to pay it himself, in case the makers fails to do so, if he receives timely notice of the dishonor.

In such case the holder can at once proceed by action against the maker and indorsers to enforce payment of the note. In this state he can proceed against one or all—both maker and indorsers. He need not exhaust an expensive remedy against the maker before he can call on the indorser to pay. He can elect to proceed against either or both at his option. This is one of the most valuable remedies and wise provisions of the commercial law, which commends itself to the good sense of every commercial nation, and has been sanctioned and upheld for ages. It is not so with the note in suit. The note is "transferred, and its collection guarantied." This is not, in any sense, a "commercial indorsement." The relations of the parties are entirely different from what they would have been had the note been indorsed in the ordinary and usual way. Here the bank could not sue either of the Hazzards until after it had exhausted its legal remedies against the makers without beneficial results. This would be indispensable to a recovery against the guarantors. The guarantors could not be joined as defendants with the makers of the note, the obligations to the holder being entirely different; the obligation of the indorser being, in substance, that if the maker of the note does not pay at maturity, he will himself do it for the maker. The obligation of the party who guaranties the collection of a note simply binds himself to pay the debt, provided it cannot be made out of the principal debtor by due process of law. This latter relation is the one the Hazzards sustain to the bank as plaintiff in this case.

It follows, then, as a necessary consequence, that the transaction between the Hazzards (the guarantors) and the plaintiff (the bank) cannot be upheld under the commercial law, so as to deprive the defendants of the defence pleaded in this suit.  The "transfer and guaranty of collection" operate as an assignment only of the note.  As such it is undoubtedly good, but it carries with it no greater or higher obligation.  At common law, choses in action were not assignable.  Not so now, however.  Now they may be assigned so as to enable an assignee to sue thereon in his own name, but the right of defence is still maintained, and any defence that could have been made in a suit between the original parties to the transaction can still be made in a suit brought by an assignee.

For these reasons I must hold that the defendants had the right to defend against the note for want of consideration, and that the verdict of the jury is right and proper and must not be disturbed, even if the errors complained of were actually committed by the court.

See *Trust Co.* v. *Nat. Bank,* 101 U. S. 68; *Lamourieux* v. *Hewitt,* 5 Wend. 307; *Miller* v. *Gaston,* 2 Hill, 188.