# Cases

# FIFTH DEPARTMENT,

## GENERAL TERM,

### October, 1886.

---

ELIAS A. MEAD, Respondent, *v.* CHARLES E. PARKER, Appellant.

*Statute of frauds — when a guaranty given upon the assignment of a bond and mortgage does not fall within the statute — evidence — admissibility of parol evidence to show a waiver of the condition of an agreement which was, but need not have been, reduced to writing.*

This action, brought to enforce a guaranty given by the defendant upon the assignment of a bond and mortgage owned by him to the plaintiff's assignor, was defended upon the ground that the plaintiff had not been reasonably diligent in his efforts to collect the amount secured thereby. Upon the trial the plaintiff was allowed, against the defendant's objection and exception, to introduce parol evidence to show that the defendant consented to the delay and waived the performance of this implied condition of the guaranty.

*Held,* that the claim of the defendant that the guaranty was a promise to answer for the debt of another, and was necessarily put in writing to satisfy the statute of frauds, and that, consequently, parol evidence of such consent and waiver was inadmissible, was not well founded.

*Held,* further, that as it was admitted by the pleadings that the guaranty was executed by the defendant upon a sale and transfer by him of the bond and mortgage for a valuable consideration paid to him by the purchaser, his guaranty was not a collateral but an original undertaking, which was not required by the statute to be in writing; and that the case fell within the rule respecting the admission of parol proof to show an extension of the time of performance, or a waiver of one or more of the conditions of an agreement, which by the voluntary acts of the parties, but not by the requirements of a statute, is put in writing.

APPEAL from a judgment on a verdict rendered at the Cayuga Circuit and from an order denying a motion for a new trial made on a case at the Monroe Special Term and entered in Cayuga county.

*James R. Cox*, for the appellant.

*H. V. Howland*, for the respondent.

SMITH, P. J.:

The defendant, who was the owner of a bond and a mortgage collateral thereto, executed by Lewis Paddock, sold and transferred them to Cordial S. Jennings, in consideration of the sum of $1,700, paid by him to the defendant therefor, and by an instrument in writing defendant guaranteed their collection. Jennings transferred the bond and mortgage and the defendant's guaranty to the plaintiff, and he, having foreclosed the mortgage and obtained a judgment for a deficiency, upon which an execution has been issued and returned unsatisfied, has brought this suit upon the guaranty. The suit is defended on the ground that the plaintiff has not been reasonably diligent in his efforts to collect. There appears to have been a delay of about two and a half years, after the maturity of the bond and mortgage, before the foreclosure was instituted. At the trial the plaintiff introduced parol evidence, for the purpose of showing that the defendant consented to the delay and waived performance of the condition of the guaranty, which the law implies, that the assignee of the bond and mortgage should proceed with reasonable diligence to collect them.

It is contended by the counsel for the appellant that, as the guaranty was a promise to answer for the debt of another, it was necessarily put in writing to satisfy the requirement of the statute of frauds, and parol evidence of such consent and waiver is inadmissible. This case was before us on a former appeal, and it was then held that the reception of parol proof, tending to show such consent and waiver subsequent to the making of the guaranty, was not error. (MS. opinion of BRADLEY, J., Jan. Term, 1885.) We adhere to that ruling.

But it was not necessary to the validity of the defendant's guaranty that it should have been in writing. The complaint alleges, and the answer admits, by not denying, that the guaranty

was executed by the defendant, upon a sale and transfer by him of the bond and mortgage, for a valuable consideration paid to him by the purchaser. It was, therefore, not a collateral but an original undertaking; not a promise to answer for the debt of another, but an engagement in which the promisor was the principal. Such an undertaking is not within the statute. The case is analogous to that of *Milk* v. *Rich*, decided in the old Fourth Department (15 Hun, 178) and affirmed in the Court of Appeals (80 N. Y., 269). Several other cases to the same effect are cited by EARL, J., in *Milk* v. *Rich* (p. 271). The agreement of the defendant being one which was not required by statute to be in writing, the case falls within the general rule respecting the admission of parol proof to show an extension of the time of performance, or a waiver of one or more of the conditions, of an agreement which, by the voluntary act of the parties, but not by the requirement of statute, is put in writing. That parol proof is admissible for such purpose has long been the law in this state. (*Fleming* v. *Gilbert*, 3 Johns., 528; *The Mayor* v. *Butler*, 1 Barb., 325; *Esmond* v. *Van Benschoten*, 12 id., 366; *Stone* v. *Sprague*, 20 id., 509.) The evidence was sufficient, we think, to authorize the jury to find that the defendant consented to the delay.

The judgment and order should be affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order affirmed.