GEORGE R. NEWELL, Respondent, *v.* JAMES H. CHAPMAN, Appellant.

*Sale of a bond and mortgage — false representations as to their value — measure of damages — guaranty by the vendor.*

In an action brought to recover damages for alleged false representations made by the defendant as to the value of a bond and mortgage, relied on by the plaintiff and by which he was induced to take such security in part payment for real estate, the measure of damages is the difference between the value of the bond and mortgage as they were and what the value would have been if the representations made had proved to be true.

No damage is sustained if the payment of the debt covered by the bond and mortgage is secured to the plaintiff by either the bond or the mortgage, and it is incumbent upon him to show that the bond could not be collected.

On the trial of such an action brought to recover the damages resulting from alleged false representations, the court refused to charge, at the request of the defendant, "That if the plaintiff delivered his deed of the land, relying upon the verbal guaranty of defendant that he would guarantee the payment or collection of the mortgage, there was a present consideration and parting with property on the strength of the promise, and the guaranty or promise is valid and binding and can be enforced against defendant."

*Held,* that it was error to refuse to give this instruction to the jury;

That such a guaranty was not within the Statute of Frauds and was binding on the defendant;

That the instruction was pertinent to the question as to whether the plaintiff relied upon the defendant's guaranty rather than upon his representations as to the value of the security;

That the fact that the defendant was a responsible man and made himself liable for the payment of the bond and mortgage on its transfer to the plaintiff, tended to show the absence of fraudulent intent on his part.

(MAYHAM, P. J., dissenting, on the ground that by reason of the absence of exceptions there was nothing to review.)

APPEAL by the defendant, James H. Chapman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Saratoga county on the 2d day of February, 1893, upon a verdict rendered at the Saratoga Circuit, and also from an order denying the defendant's motion for a new trial made upon the minutes.

*Charles R. Patterson* and *J. W. Houghton,* for the appellant.

*T. F. Hamilton,* for the respondent.

PUTNAM, J.:

The action was brought to recover damages for alleged false statements of defendant as to the value of a bond and mortgage, relied on by plaintiff, and by which the latter was induced to take such security in part payment for a lot of real estate.

In such an action the measure of damages is the difference between the value of the bond and mortgage as they were, and the value if the representations made had turned out to be true. (*Vail* v. *Reynolds,* 118 N. Y. 297.)

If the bond was of no value and the mortgage a good security for the amount due, plaintiff sustained no damage. So, also, if the real estate covered by the mortgage was of insufficient value and the bond collectible. The transfer to plaintiff was of *the bond and mortgage*

to secure a mortgage debt. If the payment of that debt was secured to plaintiff by either the bond or mortgage he sustained no damage. I am not satisfied, after a careful examination of the case, that any sufficient evidence was given on the trial to show that the bond could not be collected of its makers. No action had been commenced thereon, and it was not proved that Jane and Jerome Sullivan were irresponsible. The bond and mortgage were transferred together as one security. The bond represented the debt, and the mortgage was executed to secure the payment of the bond. If the bond was a valid and collectible security defendant could not be said to have made any false representations. Nor can plaintiff be deemed to have sustained any damage. I am inclined to think, therefore, that plaintiff should have shown that the makers of the bond were irresponsible.

Again, I think the court erred in refusing to charge as asked by the defendant in his fifteenth request, viz.: "That if the plaintiff delivered his deed of the land relying upon the verbal guaranty of defendant that he would guarantee the payment or collection of the mortgage, there was a present consideration and parting with property on the strength of the promise, and the guaranty or promise is valid and binding and can be enforced against defendant." The court refused to so hold or charge, defendant excepting.

This guaranty of the defendant, under the circumstances, was not within the Statute of Frauds, and was binding on him. (*Brown* v. *Curtiss*, 2 Comst. 225 ; *Cardell* v. *McNiel*, 21 N. Y. 337 ; *Milks* v. *Rich*, 80 id. 269 ; *Allen* v. *Eighmie*, 14 Hun, 559.) To establish a cause of action against defendant, plaintiff was not only bound to show the fraudulent representations but also that the representations were relied upon by the plaintiff and induced him to take the bond and mortgage. (*Arthur* v. *Griswold*, 55 N. Y. 400–405.)

In considering this question as to whether plaintiff relied on the alleged false representations of defendant or not, and whether or not he was induced by those representations to take the bond and mortgage, the jury should have been instructed that the defendant was liable on his verbal guaranty. The plaintiff testified that he understood the defendant was a man of responsibility. If the jury had been instructed, as requested by defendant, that his agreement to

guarantee the mortgage was valid and made him responsible for its payment or collection, they could well have reached the conclusion that the plaintiff, having a valid guaranty by a responsible man securing the payment of the bond and mortgage, relied rather on that guaranty than upon the other representations of defendant as to the value of the security. I think also that the defendant was entitled to the instruction asked for on the question of his alleged fraud. The fact that defendant, a responsible man, made himself liable for the payment of the bond and mortgage on its transfer to plaintiff tends to show the absence of a fraudulent intent.

For these reasons I think the judgment should be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurred.

MAYHAM, P. J. (dissenting):

This action was to recover damages for an alleged fraudulent representation of the defendant in negotiating the sale of a bond and real estate mortgage to the plaintiff.

To sustain this action the plaintiff was required to prove representation, falsity, scienter, deception and injury. (*Brackett* v. *Griswold,* 112 N. Y. 467.)

There must be sufficient evidence to support each of these affirmative propositions. We think, the jury having found these propositions in favor of the plaintiff, that there is sufficient proof to sustain their verdict. It was the province of the jury to pass upon the conflicting evidence, and as there is some evidence to support each of the elements essential to a recovery in this action, the court should not set aside the verdict on the ground that it is wholly unsupported by evidence.

It was not error, therefore, for the trial judge to refuse to set aside the verdict on a motion for that purpose made upon the minutes at the trial.

The defendant failed to take exceptions to what he now insists were errors in the charge of the trial judge to the jury. If the direction of the judge in his charge was erroneous, it cannot be reviewed on appeal except upon exceptions, and as no exceptions were taken we cannot review the charge or reverse, if the same was erroneous. It is true the defendant did except to what he claimed the judge

charged, but the judge disclaimed making the statement excepted to, and we do not find the objectionable language in the charge.

On the whole case we see no error for which the judgment should be reversed, and the judgment should be affirmed, with costs.

*Judgment reversed, new trial granted, costs to abide the event.*