The interests of justice require a reversal and a new trial.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Judgment of conviction of the County Court of Rockland county reversed and new trial ordered.

---

BROOKLYN BANK IN THE CITY OF NEW YORK, Respondent, *v.* METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, as Administrator, etc., of ALEXANDER McDONALD, Deceased, and EDMUND K. STALLO, Appellants, Impleaded with THE ALABAMA SECURITIES COMPANY and WILLIAM D. STRATTON, Defendant.

Second Department, May 18, 1917.

**Principal and agent — authority under power of attorney to guarantee payment of notes — indorsement binding on principal.**

Where an attorney in fact, authorized to guarantee the payment of promissory notes, obligations and debts of any company in which his principal may be or become a stockholder, indorses a note of a company of which

his principal was a stockholder before delivery to the payee, for the purpose of lending credit thereto, such indorsement amounts in legal effect to a guaranty of payment, conditioned on presentation, dishonor and notice, and is binding on the principal.

Such indorsement has no legal effect beyond that authorized in the power of attorney, *i. e.*, to bind the principal to pay if the maker does not.

Such power of attorney would not authorize an indorsement passing title and shutting off defenses under the Negotiable Instruments Law.

JENKS, P. J., and THOMAS, J., dissented, with opinion.

APPEAL by the defendants, Metropolitan Trust Company of the City of New York, as administrator, and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of July, 1916, upon the decision of the court after a trial before the court without a jury. And also from two orders entered in said clerk's office on the 28th day of July, 1916, and the 11th day of August, 1916, respectively.

*Charles A. Winter,* for the appellants.

*William Winthrop Taylor,* for the respondent.

BLACKMAR, J.:

The indorsement on the note made by Alexander McDonald, now deceased, was made by the defendant "Edmund K. Stallo, His Attorney in fact." The plaintiff read in evidence a power of attorney executed by McDonald, which empowered Stallo "to guarantee the payment of promissory notes, obligations and debts of any company in which I may be or become a stockholder." The note sued on was made by the Alabama Securities Company, in which the evidence showed that McDonald was a stockholder, to the order of the plaintiff. The indorsement was made before delivery to the payee, for the purpose of lending credit thereto, as was found by the court. The attorney was empowered to guarantee the payment of the promissory note. The indorsement was not for the purpose of negotiation, but to give the credit of the indorser to the note, and it had no other effect. It amounted, in legal effect, to a guaranty of payment, conditioned on presentation, dishonor and notice. It was within the scope of the power granted by the power of attorney,

and was such an obligation as has been held to be a guaranty. As Justice FIELD said of a like indorsement in *Brady* v. *Reynolds* (13 Cal. 31): "The indorsement is not evidence of any title in the parties, or of any transfer thereof; it is of an irregular character, not made in the usual course of business, and is, in fact, nothing more than a guaranty."

The principal authorized the attorney to lend his credit to the note by a form of obligation which required his principal to pay upon default of the maker. The attorney did lend the principal's credit, but in legal effect imposed a condition that he should receive notice of dishonor of the note. The condition so imposed for the benefit of the principal should not be held to vitiate the obligation. In acting under the power of attorney, it was not necessary to use the word "guarantee." An act which had the same legal effect was authorized. The power of attorney would not authorize an indorsement which passed title and shut off defenses under the Negotiable Instruments Law (Consol. Laws, chap. 38; Laws of 1909, chap. 43), but an indorsement like this had no legal effect beyond that authorized in the power of attorney, *i. e.*, to bind the principal to pay if the maker did not. The attorney acted within the power, but not up to its limits.

It does not appear that the appellants were aggrieved by the method of computing interest which the court adopted, and the orders appealed from were properly made.

The judgment is affirmed, with costs, and the orders are affirmed.

STAPLETON and RICH, JJ., concurred; JENKS, P. J., read for reversal, with whom THOMAS, J., concurred.

JENKS, P. J. (dissenting):

I dissent. The writing on the back of the note was "Alexander McDonald By Edmund K. Stallo, His Attorney in fact." The plaintiff relies upon a power of attorney executed by the said McDonald to Stallo that empowered him "to guarantee the payment of promissory notes, obligations and debts of any company in which I may be or become a stockholder." McDonald has been held as an indorser. It is exactly as if Stallo had written, "I hereby indorse this

note Alexander McDonald By Edmund K. Stallo, His Attorney in fact." I think that this power of attorney did not authorize Stallo to make McDonald an indorser. (*Miller* v. *Gaston,* 2 Hill, 188; *Brown* v. *Curtiss,* 2 N. Y. 225; *Brewster* v. *Silence,* 8 id. 207, 214; *Church* v. *Brown,* 21 id. 315, 323; *Lamourieux* v. *Hewit,* 5 Wend. 307.) In *Miller* v. *Gaston* (*supra*) the court, per BRONSON, J., say: " The obligation of a guarantor is usually more onerous than that of an indorser; but that consideration does not give the creditor a right to disregard the contract actually made, and substitute another, though less burdensome one, in its place." This principle applies in this case, because the very object of the guaranty was to afford the highest form of credit to the corporation in which McDonald was interested.

THOMAS, J., concurred.

Judgment and orders affirmed, with costs.