Porter, J.
The only question presented in this cause, is the correctness of the opinion of the court in refusing the defendants a continuance.
This action was commenced on the 24th day of May. The petition alleged that Robt. Andrews, the only partner of the firm of Andrews & Co. in the state, was about to depart therefrom, and prayed that he might be held to bail. On the 1st of June, his counsel made an affidavit that there were letters and papers material for the defence, and without which he could not file an answer. Sixty days were granted him to make one.
The 17th of September this answer
was
put in, and the same day a commission was *683 granted to take the testimony of certain witnesses residing in the state of Kentucky. On the 7th of November the cause was tried. The defendants, before the case was gone into, moved for a continuance, on affidavits, which wall be hereafter noticed; and at the same time, offered then to take the testimony of the witnesses on the part of the plaintiff and to come under an agreement to go into trial at all events, on the next calling of the cause. The court over-ruled the motion, and the defendants excepted to the decision.
The affidavits on which this application was made, were sworn to by Dorsey, the agent of the appellants, and by their counsel in the cause.
The first mentioned witness declared, that he was informed, and believed, that there was a just defence to the action, and that by letters from the defendants, he was instructed, that one of them was to leave Kentucky on the first of October, and was expected here the first of November, bringing with him one Stockton, as the deponent believed, a material witness for the defendants; and that he expected said Stockton to prove the correctness of the items claimed as a set-off against *684 the plaintiff’s demand, whereby a balance would be found due by them. The affidavit negatived in the usual manner, that it was made for delay, and concluded by stating the expectation of the affiant, that the witness would arrive in this city before the next calling of the docket.
The declaration of the counsel in the cause, was to the same effect; and further added, that the reason of his not having forwarded the commission, was the information he had received, and the belief founded on it, that the witness intended to leave Kentucky about the first of October.
Applications of this kind are addressed to the legal discretion of the court, and must, in a great measure, depend on the particular circumstances of each case. In that now before us, the cause was at issue on the 17th day of September, and a commission was taken out the same day, which appears not to have been executed. I agree entirely with the position taken by the plaintiff’s counsel, that the change of determination in the defendants, to execute the commission, cannot affect the opposite party; that the trial ought not to have been postponed, because *685 they chose to rely on the personal attendance of the witness ; and 1 think that a longer time should not have been extended them than . would , have been had the commision been forwarded to Kentucky. The question then is, had the defendants proceeded regularly to obtain the testimony, under the authority of the court, would it have been a sound exercise of discretion to have ruled them into trial, under all the circumstances of the case ? I think not. Fifty-five days had only elapsed from the period the dedimus was taken out, until the trial of the cause. When evidence is to be taken at so great a distance, time must be allowed for all the various contingencies that may prevent its return:— the absence of the commissioner; of the witness; and the uncertainty of conveyance. Diligence cannot be fairly tested by the time in which the distance may be travelled, or a letter conveyed by mail.
It is true, the commission was not taken out here, but from the facts disclosed by the affidavit of counsel, for not acting under it, I think he was entitled to the same delay to procure the witness, that he would have had to procure the testimony from Kentucky, *686 This construction imposes no hardship on the plaintiff, and leaves the defendants liable to all the consequences that might flow from his negligence.
We have held in the case of Lecesne vs. Coltin, 9 Martin, 454, where the subject of diligence was strenuously debated, that whenever the propriety of granting a continuance to a defendant was doubtful, the duty of the court was to accord it. Because, if there was error on that side, it produced but delay. If on the other, irreparable injury might be the consequence. Holding still the same opinion, I do not feel myself authorised to say that the defendants here were not entitled to further time.
The circumstances which attended the progress of the cause, before the answer was filed, are not of that nature to authorise us to declare that delay alone was intended from the commencement of the suit.
The judgment of the district court should be reversed, the cause remanded for a new trial, and the appellee pay the costs of this appeal.
Martin, J.
The examination of witnesses, in open court, is so preferable to that before *687 a commissioner, that I think a party ought to be indulged who seeks to obtain it, though this be productive of some delay.
Grymes for plaintiff, Hawkins for defendants.
I think, that in the present case, the defendants cannot be charged with having no other view than to obtain delay. The court a quo, in my opinion, erred in withholding the continuance. We ought to reverse the judgment and remand the cause for trial.