## Benjamin K. True *versus* Henry H. Fuller.

Underneath the signature of the payee of a negotiable note indorsed by him in blank, were written the following words signed by the defendant · " I guaranty the payment of semiannual interest on this note as well as the principal." It was *held*, that such guaranty was not negotiable, in itself, nor made so by being written upon a negotiable instrument ; and therefore that no action could be maintained on such guaranty by one who subsequently became the holder of the note.

Assumpsit. By an agreed statement of facts, it appeared, that on June 3, 1833, Elisha Fuller conveyed a lot of land in Lowell to Bryan Morse ; that in consideration thereof Morse made and gave to him three promissory notes of that date, payable to him or his order in two, three and five years respectively, with interest annually ; and that the payment of these notes was secured by a mortgage of the premises.

These notes, which were for the respective sums of $214, $300 and $500, were indorsed in blank by E. Fuller ; and under his name, on the back of the notes, were written the following words, signed by the defendant : " I guaranty the payment of *semiannual interest* on this note as well as the principal."

Some months after the first note, which was the subject of the present action, became due, John Welsh, to whom the mortgage and notes were originally assigned and guarantied, took

possession of the mortgaged premises for condition broken ; and no payment having been made, the mortgage was fore-closed.

True<br>
v.<br>
Fuller.

The notes came regularly into the hands of the plaintiff.

There were some other facts in the case tending to show, that the plaintiff had lost the benefit of the guaranty, if otherwise entitled thereto, through want of diligence in regard to other parties, and that the note in suit had been paid in whole or in part by the foreclosure of the mortgage ; but the view taken by the Court rendered these facts immaterial.

The Court were to order a nonsuit or default, or to render such other judgment in the case as they should deem to be proper and conformable to law.

*W. Smith*, for the plaintiff.

*Oct. 17th*

*E. Fuller*, for the defendant, cited *Tyler* v. *Binney*, 7 Mass. R. 479 ; *Lamourieux* v. *Hewit*, 5 Wend. 307 ; Bayley on Bills, (Phil. & Sew. 2d ed.) 109, 110, 411, 412.

SHAW C. J. delivered the opinion of the Court. The facts bearing upon this question may be thus stated. Morse made three promissory notes to Elisha Fuller, or his order, payable in two, three and five years respectively from date, and gave a mortgage to secure the payment of them. The notes were indorsed in blank by the payee. On the same notes was indorsed a guaranty in this form : " I guaranty the payment of semiannual interest on this note, as well as the principal," and signed by the defendant. The notes thus indorsed were transferred, and the mortgage assigned. The mortgaged premises were entered on for breach of condition, and the mortgage foreclosed. The notes have regularly come to the hands of the plaintiff.

*Oct. 20th*

The Court are of opinion, that the plaintiff is not entitled to recover, because the guaranty in question was not made to him, or whilst he was holder of the note ; that it was not negotiable in itself, and was not made so by being written upon and intended to secure a negotiable instrument. This instrument being filled up and signed, is complete in itself, and it cannot be altered, either by striking out words so as to convert it into a general indorsement, or by filling up, as in case of a blank indorsement. In the latter case, an indorser, by leaving a

blank over his name, tacitly agrees that any subsequent lawful holder may insert suitable words to render him liable in the same manner and to the same extent, implied by his indorsement and the usages of business.

This guaranty expresses no consideration, nor does it name any person as the guarantee, to whom it is made. But suppose these could be supplied by parol proof, it could only enure to the person who was the holder at the time the guaranty was given, who was not the plaintiff.

Had the defendant intended, by the credit of his name, to give a general currency to the note, as a negotiable security,. there was no reason why he should not have indorsed it generally, in which case he would have been responsible to any person who might afterwards become the holder. As it is, it is no more a negotiable promise, than if it had been written on a separate paper, referring to the note, and guarantying it to the then holder. *Tyler* v. *Binney*, 7 Mass. R. 479 ; *Lamourieux* v. *Hewit*, 5 Wend. 307.

*Plaintiff nonsuit.*