CYRUS SPRINGER *versus* JOSEPH HUTCHINSON.

The contract of guaranty is in its nature special — and not negotiable — and no suit can be maintained upon a guaranty except by the party with whom this contract is made.

THIS was an action of assumpsit. The original count was against the defendant as guarantor. A second count against him as indorser was added, subject to all legal objections.

The note in suit is as follows: "Fayette, March 27, 1834. For value received, I promise to pay Joseph Hutchinson, or order, seventy-five dollars in six months from date and interest." This note was signed by one Zachariah Damon, Jr. and was sold by the defendant to one Samuel Thompson. On the back of the note is the following writing, " I guaranty the payment of the within note without demand or notice."

" Joseph Hutchinson."

This guaranty was made to said Thompson and not to the plaintiff who purchased the note of Thompson.

Upon these facts, the rights of the parties are submitted to the decision of the Court.

*Morrill,* for the plaintiff. The amendment was properly made. *Tenney* v. *Prince,* 4 Pick. 385. Upon this indorsement the defendant is liable as on a common indorsement. The note did not lose its negotiability by this indorsement; and having been assigned, the plaintiff has a right of action against the defendant as indorser. *Upham* v. *Prince,* 12 Mass. R. 14.

*May,* for the defendant. The contract is that of guaranty. *Gilman* v. *Lewis,* 15 Maine R. 452; *Cobb* v. *Little,* 2 Greenl. 261; *Farmer* v. *Rand,* 14 Maine R. 225. The word "guaranty" has acquired a legal meaning and having been used by the parties, it must be considered as having been used in that sense. *Oxford Bank* v. *Haynes,* 8 Pick. 423. The guaranty is not negotiable — and having been made to the said Thompson and not to the plaintiff, this action cannot be sustained. *Tyler* v. *Binney,* 7 Mass. R. 479; *Lamourieux* v. *Hewett,* 5 Wend. 307.; *True* v. *Fuller,* 21 Pick. 140;

*McDoal* v. *Yeomans*, 2 Law R. 198. The liability of the defendant being that of guarantor, the law raises no implied responsibility against him as indorser.

The opinion of the Court was delivered by

WHITMAN C. J. — The view we have taken of the merits of this case, renders it unnecessary for us to consider whether the amendment, objected to by the defendant, was admissible or not.

The action is upon a guaranty, endorsed upon a negotiable note, by the payee, at the time he negotiated it to one Thompson. The guaranty is in the following words, viz. " I guaranty the payment of the within note without demand or notice." The plaintiff, not having been a party to this agreement, and no demand and notice having been proved to have been made and given, according to mercantile law and usage, cannot recover. The contract of guaranty is regarded as, in its nature, special; and not negotiable; although placed, by the payee or indorser, upon the back of a negotiable note, and having reference to its contents. *Tyler* v. *Binney*, 7 Mass. R. 479; *Upham* v. *Prince*, 12 Mass. R. 14; *True* v. *Fuller*, 21 Pick. 140; *Lamourieux* v. *Hewett*, 5 Wend. 307; *Campbell* v. *Vaughan*, 8 Martin, 682; 2 Law Rep. 198, (in Penn. 1829.)

*Plaintiff nonsuit.*