## Tinker & Webb *vs.* McCauley.

A negotiable promissory note, and a guaranty of its payment contemporaneously endorsed thereon, are separate and distinct undertakings, creating distinct liabilities as it respects the maker and guarantor.

Such guaranty is not negotiable.

The case of Higgins *et al. vs.* Watson *et al.*, (1 *Man.* 420,) holding the contrary doctrine, referred to and overruled.

Case reserved from Wayne Circuit Court.

Assumpsit upon a guaranty endorsed upon a promissory note. The declaration contained a special count upon the guaranty, and also the common money counts. Plea, the general issue.

On the trial at the September term, the plaintiffs proved the making of the following note :

"$165 00.             Brighton, Dec. 13, 1850.

"Six months after date I promise to pay to Joseph Soule or bearer, one hundred and sixty-five dollars for value received, with interest from date.

[Signed]          "Sam'l D. Sayer."

And also, that contemporaneously with the making of the note by Sayer, the defendant endorsed on the back thereof the following guaranty :

"For value received I hereby guaranty the payment of the within note. December 13, 1850.

[Signed]      " WM. McCAULEY."

That the said note, with defendant's guaranty endorsed thereon, was then and there delivered to Joseph Soule, who afterwards, and before the maturity of the note, for a valuable consideration, endorsed and delivered the same to the plaintiffs.

*Howard & Toms* and *J. V. Campbell*, for plaintiffs.

1. The liability on a contemporaneous guaranty, of payment on a note, is an absolute liability of the guarantor, corresponding with that of the maker, with whom he may be held liable on a joint suit, or sued severally ; and a consideration is imported on such an instrument, identical with that imported by the note.

The Supreme Court of this State, in Higgins *vs.* Watson, 1 Man. R. 428, has decided this. The guaranty in that case had no date. A joint action was brought by endorsees against maker and guarantor, and the Court sustained the action, and held that the guaranty and note should be regarded as a single and entire transaction, containing a joint and several liability.

Such is the established doctrine in New-York, and it may be gathered from the decisions elsewhere. Those authorities which have in some cases been cited to sustain a contrary doctrine, it will be seen are clearly distinguishable. (*McLaren* vs. *Watson's Ex.* 19 *Wend.* 557; affirmed 26 *Wend.* 425; *Luqueer* vs. *Prosser*, 1 *Hill*, 256; affirmed 4 *Hill*, 420; *Hough* vs. *Gray*, 19 *Wend.* 202; *Miller* vs. *Gaston*, 2 *Hill*, 188; *Parks* vs. *Brinkerhoff*, 2 *Hill*, 663; *Leonard* vs. *Vredenburgh*, 8 *J. R.* 29; *Allen* vs. *Rightmere*, 20 *J. R.* 365 ; *Story on Bills*, §§ 453, 458; *Baker* vs. *Briggs*, 8 *Pick.* 121; *White* vs. *Howland*, 9 *Mass.* 314; *Austin* vs. *Boyd*, 24 *Pick.* 65; *Sumner* vs. *Gay*, 4 *Pick.* 311; *Hunt* vs. *Adams*, 5 *Mass.* 358; 6 *Ib.*

519; *Moies* vs. *Bird*, 11 *Mass.* 438; *Lee* vs. *Dick*, 10 *Pet. R.* 496; *Brown* vs. *Curtis*, 2 *Comst.* 225.)

There being some cases in which it has been supposed a contrary doctrine was maintained, reference will be made to some of them, to illustrate the principles upon one or the other of which all of them depend. They will, we think, be found to have been cases where,

1. The guaranty was subsequent to the date of the note. (*Oxford Bank* vs. *Haynes*, 8 *Pick.* 423; *Whiton* vs. *Mears*, 11 *Metc.* 563; *Tuttle* vs. *Bartholomew*, 12 *do.* 452; *Tenney* vs. *Prince*, 4 *Pick.* 385;) or

2. Where the guaranty was not an absolute guaranty of payment. (*Taylor* vs. *Binney*, 7 *Mass.* 479;) or

3. Where the terms of the guaranty were not identical with those of the note. (*Tuttle* vs. *Bartholomew*, 12 *Metc.* 452; *True* vs. *Fuller*, 21 *Pick.* 140;) or

4. Where the instrument was either not negotiable or not negotiated. (*Birchard* vs. *Bartlett*, 14 *Mass.* 279.)

All of which are distinct cases from the simultaneous guaranty of negotiable paper, and distinguished, generally, by the Courts making the decisions, which have held to the same doctrine in that respect that we claim here.

2. This guaranty was negotiable, and passed with the note.

This doctrine is in fact settled by the same cases above. In *Higgins* vs. *Watson*, the suit was brought by endorsees, who took the paper from Peterson and Humphreys. It does not appear from whom these took it, but that is immaterial. The point was not raised in that case distinctly, and therefore it cannot be relied upon here any further than the points actually decided will warrant us in our inferences. But it is very clear, that, by deciding that the guaranty and original note constituted but one contract; if that contract was negotiable as to one maker, they decided it was as to the other.

The negotiability of such guaranties is directly affirmed in the following cases: Ketchell *vs.* Burns, 24 Wend. R. 456; Luqueer *vs.* Prosser, 1 Hill R. 256; Hough *vs.* Gray, 19 Wend. R. 202; Watson's Exrs. *vs.* McLaren, 19 Wend. 557; McLaren *vs.* Watson's Exrs., 26 Wend. 425; Manrow *vs.* Durham, 3 Hill, 584; Hunt *vs.* Brown, 5 Hill, 145.

3. The guarantor was not entitled to notice of dishonor.

The cases cited under the first head fully established this proposition.

*O. Hawkins*, for defendant.

By the plaintiffs' own showing, they cannot recover.

The undertaking of the defendant is a special undertaking. It is not in its character negotiable, and can only be sued upon in the name of the person to whom it was made. (5 *Wend.* 307; 19 *Maine R.* 359; 21 *Pick.* 140.)

The guaranty does not have the effect of an original undertaking, so as to make it negotiable. (5 *Denio*, 486, *and cases cited;* 2 *Comst.* 226 *and* 556.)

The word " guaranty " has acquired a legal meaning, and having been used by the parties, it must be considered as having been used in that sense. (8 *Pick.* 423; 24 *Pick.* 250.)

By the Court, Douglass, J.

The liability of the defendant depends upon whether the guaranty is negotiable.

Courts have sometimes evaded the real difficulties in the way of maintaining the negotiability of such contracts, by holding that a guaranty of payment endorsed on the back of a negotiable note, at the time it was made, rendered the guarantor liable to the payee, and to every subsequent *bona fide* holder, as a joint and several maker of the note. This was the doctrine of Hough *vs.* Gray, 19 Wend. 202; Ketch-

ell vs. Burns, 24 Wend. 456; Luqueer vs. Prosser, 1 Hill, 256; Prosser vs. Luqueer, 4 Hill, 420; and of the decision of this Court in Higgins vs. Watson, 1 Mich. R. 428.

Manrow vs. Durham, 3 Hill, 584, and Curtis vs. Brown, 2 Barb. S. C. R., went one step farther, and held the guarantor liable as a joint maker, even where the guaranty was endorsed after the making of the note, but before its maturity.

The case of Jones vs. Palmer, determined by this Court, (1 Doug. Mich. R. 379,) assumes, although it does not expressly decide, the contrary. I confess I have always been unable to perceive any good ground for the distinction which has sometimes been made between cotemporaneous and subsequent guaranties. I never could see why the nature and effect of the contract should be made to depend upon the time when it was made. It seems to me that the only real distinction between them is, that in the one case the consideration of the note will support the guaranty; in the other, a new consideration is required. (1 *Parsons on Contr.* 496.)

The doctrine we are considering has always been made to rest upon the assumption that the maker and guarantor of a note both promise the same thing, viz: absolutely and unconditionally to pay the amount of the note at its maturity, and that therefore their contracts are identical. See Luqueer vs. Prosser, 1 Hill; Miller vs. Gaston, 2 Ib. 190. This assumption is not true. The maker promises that *he* will pay the amount of the note, when due, at all events. And this, though in signing a joint and several note, he adds " surety " to his signature. (*Story on Prom. Notes*, § 157.) This liability is primary, (as to the payee,) absolute, unconditional; not dependent upon any contingency. A guarantor promises that the *maker* shall pay, and that *if* the maker does not, he will. The obligation is secondary and collateral to that of the maker in so far as it is an obligation to pay, contingent upon the maker's default. And if, as the de-

cided preponderance of American authority would seem to indicate, (2 *Am. Leading Cases,* 90 *and seq.; Story on Prom. Notes,*) (though this we by no means wish to be understood as now deciding,) a guarantor may avail himself, in defence of an action on the guaranty, of the delay or failure of the holder of the note, to demand payment and give him notice of the maker's default, to the extent of the injury thereby occasioned, then his obligation is conditional also. He is neither a maker, as has been decided in the cases referred to, nor an endorser, (*see Belcher* vs. *Smith,* 7 *Cush.* 482,) as he was held to be in Leggett *vs.* Raymond, 6 Hill, 640, but a guarantor, and nothing else. This contract is strictly one of ordinary suretyship, and has all the incidents of that species of contract. It is widely distinguished by these incidents from the contract of the maker on the one hand, (see 1 Smith Leading Cas. Am. Notes, 323, 324, and also Longley *vs.* Griggs, 10 Pick. 121, in which it was held that where a note was paid by a surety, the guarantor was not liable to contribution,) and on the other hand, it differs from that peculiar kind of suretyship called an endorsement, in the circumstance that demand of payment from the maker, and notice of his default, *at the maturity of the note,* is not a condition of the guarantor's liability. The cases which subject him to any other liability than those incident to the contract of guaranty, violate the expressed intention of the parties, and have led to a great degree of perplexity and confusion.

They are without precedent to rest upon in English jurisprudence. It has sometimes been supposed that they were supported by Hunt *vs.* Adams, 5 Mass. R. 358, and White *vs.* Howland, 9 Ib. 314. If these cases are in point, (and I think they are not, for each was based upon an absolute promise to pay the note,) they have been overruled by Oxford Bank *vs.* Haynes, 8 Pick. 423, and Whiton *vs.* Mears, 11 Metc. 563, upon a view, however, of the nature of the contract of guar-

:anty before adverted to, which makes it a *conditional* undertaking.

Indeed, we think it may almost be said, that the doctrine that a guarantor was liable as a maker, originated in and has always been confined to New York. Even there it is now wholly repudiated and overthrown by Brown *vs.* Curtis, 2 Comst. 225; Durham *vs.* Manrow, Ib. 533; Brewster *vs.* Silence, 11 Barb. S. C. R. 144; and Hall *vs.* Farmer, 5 Denio, 484, and 2 Comst. 553; the two last of which cases are upon contemporaneous guaranties. See also Weed *vs.* Clark, 4 Sand. S. C. R. 31. And it may be added, as tending to show how strong are the convictions of the New York Courts, that the earlier decisions in that State were a departure from sound principle; that upon the construction they now give to the contract of guaranty, they held it to be a promise to answer for the debt or default of another, therefore directly within the purview of their statute of frauds, which requires the consideration to be expressed on its face. For these reasons we are of opinion, overruling Higgins *vs.* Watson, that the negotiability of the instrument on which this action is founded, cannot be sustained on the ground that it is a promissory note.

We have struggled hard to sustain its negotiability as a guaranty, but there is an insurmountable weight of authority against it, and we are unable to discover any safe ground consistent with time-honored and long established principles of law upon which the negotiability of such instruments can be upheld. (*Belcher* vs. *Smith*, 7 *Cush.* 482; *Springer* vs. *Hutchinson*, 19 *Maine R.* 359; *Irish* vs. *Cutter*, 31 *Ib.* 536; *True* vs. *Fuller*, 21 *Pick.* 140; *Taylor* vs. *Binney*, 7 *Mass. R.* 479; *Lamourieux* vs. *Hewitt*, 5 *Wend.* 307; *McDoal* vs. *Yeomans*, 8 *Watts*, 361; *Canfield* vs. *Vaughan*, 8 *Martin*, 682; *Upham* vs. *Prince*, 12 *Mass. R.* 14; *Miller* vs. *Gaston*, 2 *Hill*, 188; *Watson* vs. *McLaren*, 19 *Wend.* 557; *McLaren* vs. *Watson*, 26 *Wend.* 425; *Green* vs. *Dodge*, 2 *Ohio R.* 430;

1 *Parsons on Contr.* 493; 1 *Am. Leading Cases*, 3d ed. 326, 327; *Chitty on Bills*, 250.) In most of the earlier New York cases it was conceded, that as guaranties such instruments would not be negotiable, and it may safely be presumed that it was the desire to give them the quality of negotiability, which gave rise to the doctrine that a guarantor was a maker. If we were to depart from a doctrine so firmly established upon a single adjudication in Vermont, in the case of Partridge *vs.* Davis, 20 Verm. R. 499, the ingeniously reasoned dissenting opinion of Senator Verplanck in McLaren *vs.* Watson, and an opinion boldly expressed by Judge Story in Story on Bills, §§ 457, 458, and Story on Prom. Notes, § 484, which are all the authorities we have been able to find to sustain a contrary doctrine, we fear we should only introduce still greater confusion into the law on this perplexed subject of guaranties of negotiable paper.

It must, therefore, be certified to the Court below as the opinion of this Court, that upon the facts found, the plaintiff is not entitled to recover in this action.