## JORDAN v. STEPHENSON et al.

1 Fraud: ESTATE OF DECEDENT. When it appeared affirmatively in the record of an action by the creditor of a decedent, to set aside a conveyance made by such decedent of real estate as fraudulent against creditors, that the claim of such creditor was filed as a claim of the third class against said estate, the assets of which were amply sufficient to pay all claims of that class, it was held that he could not question the validity of the conveyance.

*Appeal from Henry District Court.*

MONDAY, DECEMBER 12.

IN EQUITY. A proceeding to set aside a conveyance as fraudulent, and to subject the property conveyed to the payment of the debt of the grantor. The plaintiff's bill was dismissed, and he appeals.

*Grant & Smith* for the appellant.

*W. F. McJunkin* for the appellee.

LOWE, J.—This is an application to the equity jurisdiction of the court, to subject certain pieces of land to 1. FRAUD: the payment of plaintiff's claim, which are estate of decedent. alleged to have been conveyed without consid-

eration, and for a fraudulent purpose, by the debtor in his lifetime, to one George Tennant, in trust for the benefit of his wife, Isabella Stevenson; which trust was subsequently declared and executed after the decease of the debtor (William Stevenson), by a conveyance of the same from the said George to the said Isabella.

The plaintiff, in his petition, states facts, which, taken in connection with the facts admitted in the answer of the defendants, show said conveyance to be fraudulent and void as to existing creditors at the time, but the difficulty of his case consists in failing to state and prove any indebtedness against the estate of the intestate. entitling him to the relief he asks. He alleges, to be sure, in his petition, that there is due to him from the estate a little over six hundred dollars, but he does not allege that his claim had been filed and allowed, except by implication which is negatived by the exhibit A, attached to his petition, purporting to be a transcript of a record from the probate's office. This transcript shows that the claims filed and allowed within the first six months after notice by the administrator of taking out letters of administration, amount in the aggregate to $979.56; that among these is a claim of $190.34, in favor of one W. A. Jordan, supposed to be in favor of the plaintiff in this suit, although there is no statement or evidence to that effect. But, assuming that it is the proved and established claim of the plaintiff's, it belongs to a preferred class of six months' claims, all of which are provided for and can be paid out of the assets of the estate without a resort to the land in controversy. Because the same exhibit from the probate's office made a part of the petition, show that the assets of the estate (all of which was available except $250), amount to $5,012.07, a sufficient sum to pay all of the six months' claims, and all of the mortgages, amounting to $3,361.00, leaving several hundred dollars to defray the ordinary

expenses of administration. Thus, it appears affirmatively from the face of the plaintiff's petition and exhibits, that there is no necessity or call upon the court to set aside the alleged fraudulent conveyance aforesaid, in order that this part of the plaintiff's claim might be satisfied.

But the plaintiff asserts that he has another claim against said estate falling within the class of eighteen months' claims, and that it is to obtain satisfaction of this that he seeks to subject the lands described in his petition. But, whilst the probate records, a transcript of which he has filed with his petition, do show the filing and allowance of some $1,996.64, of eighteen months' claims, there are none to be found in favor of the plaintiff in this class of claims. We may presume, therefore, that if any such claim exists, it has not been filed or proved up before the county judge. Indeed, his counsel say, in their printed argument, " that a portion of the plaintiff's claim was proved up against the estate in the time limited by law for that purpose, and a part of it has not been presented for approval," alluding, we presume, to that portion of the claim upon which we are now commenting. We do not, therefore, see why the claim is not barred under the statute, and that, too, before this suit was instituted. We need not say that, in the plaintiff's petition, is not to be found any statement excusing his failure to file and prove his claim before the county judge within the time prescribed by law, nor the statement of any equitable circumstances, which would authorize a Court of Chancery still to allow the claim.

Nor is this all : there is no statement in the bill of the foundation or origin of the claim, how it exists, whether as an open account or by note, or what was its consideration. The plaintiff's evidence is quite as much at fault as his pleadings. There is really no legitimate proof whatever showing that the plaintiff has any claim of indebtedness against the estate of William Stevenson, deceased, beyond

the $190.34, filed and proved with the six months' claims. As we are now advised, we see no alternative but to affirm the order below, dismissing the plaintiff's bill, directing, however, that it may be done without prejudice to him, for the reason that the whole case is before us in a very blind and unsatisfactory manner, and it is possible that there may be something about it which we have not understood, or which by some mistake has not been presented. If so, and the administrator should hereafter, as it will be competent for him to do, having fully administered and exhausted all the other property of the estate, without paying all the just debts thereof, file his bill to reach the property described in the plaintiff's petition, for the purpose of paying debts, in which event, he, the said plaintiff, will be at liberty to share with other creditors the avails of said property, provided he has a subsisting claim which he has not lost by his neglect to file and prove up as the law directs. In making this disposition of the case, if we cannot grant the relief asked, we do at least save the rights of the plaintiff, which can be readily and most easily enforced through the proper action of the administrator.

The judgment below will be affirmed with the modification above suggested.

Affirmed.