ELLIS BRIGGS v. L. D. LATHAM.

1. QUESTIONS, *Discussed.* Questions with regard to a failure to bring the evidence and a portion of the pleadings to the supreme court, discussed.

2. GUARANTY; *Consideration.* It is necessary to the validity of a guaranty that it should be supported by a sufficient consideration; and in a case where "there was no consideration for the guaranty," *held,* that the guaranty is void.

3. NOTE; *Indorsement; Question, Discussed.* A negotiable promissory note was transferred by P. D., an assignee thereof, by writing the

following words upon the note, to wit: "I assign this note to the Roodhouse Bank, as collateral security.—P.D." The question whether the note was properly negotiated by "*indorsement*," within the meaning of the statutes and commercial law, discussed.

4. GUARANTY, *Without Consideration; Practice.* L. D. L., without any consideration therefor, wrote upon a mortgage which secured certain negotiable promissory notes the following words, to wit: "I hereby guarantee the payment of the within mortgage.— L. D. L." L. D. L. did not execute either the notes or the mortgage, was never liable thereon, and never owned either. *Held,* That the guaranty was not a negotiable contract, and even if the notes were properly indorsed to a subsequent *bona fide* purchaser, L. D. L. might nevertheless set up as against such purchaser the want of consideration for the guaranty when sued thereon.

### *Error from Bourbon District Court.*

ACTION by *Briggs* against *Latham*, to recover on an alleged guaranty of a mortgage. Trial at the December Term, 1884, and judgment for defendant for costs. The plaintiff brings the case here. The opinion states the facts.

*Ware & Ware,* for plaintiff in error.

*W. S. Coy,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Bourbon county by Ellis Briggs against Lafayette D. Latham, to recover $1,690 and interest thereon, on an alleged guaranty of a mortgage, which reads as follows: "I hereby guarantee the payment of the within mortgage.—L. D. LATHAM."

Among the undisputed facts of the case are the following: The above-mentioned mortgage was executed on July 14, 1876, in Minnesota, by Cornelius Quirk, of Oconto county, Wisconsin, to Dellen N. Latham and her husband, Lafayette D. Latham, of Cook county, Illinois, for land situated in Minnesota, and was executed to secure four promissory notes, each dated July 14, 1876, each for $422.50, each executed by Cornelius Quirk to Dellen N. Latham, and due respectively as follows: October 1, 1877, October 1, 1878, October 1,

1879, and October 1, 1880, and each made payable at the First National Bank of Austin, probably in Cook county, Illinois. Mrs. Latham owned the notes and mortgage, and she indorsed the notes in blank and authorized her husband, Lafayette D. Latham, as her agent, to sell the notes and mortgage to any person who might choose to purchase the same, and he sold and delivered them to Peter Dunbar. Afterward he indorsed upon the mortgage the above-mentioned written guaranty. This guaranty was made and these last-mentioned transactions were had in the city of St. Louis, Missouri, although the parties at the time resided in Illinois. Latham, however, owned property in St. Louis, and spent a considerable portion of his time at that place, and Dunbar was also very frequently there on business. Afterward Dunbar assigned the notes to the Roodhouse Bank, of Roodhouse, Illinois, as collateral security. Afterward Mrs. Latham and her husband made a formal assignment of the notes and mortgage to the Roodhouse Bank. Dunbar also owed L. C. Barrett and Ellis Briggs, and in pursuance of certain transactions and understandings had between Barrett, Briggs, and the Roodhouse Bank, the Roodhouse Bank assigned the notes to Briggs, the plaintiff in this action. This action was commenced on July 8, 1882. Nothing has been paid on the notes or the mortgage except the interest up to October 1, 1877. The case was tried before the court without a jury, and the court made the following special findings of fact:

" 1st. There was no consideration for the guaranty written by the defendant upon the back of the Quirk mortgage set out in plaintiff's petition.

" 2d. During all the time of the existence of the alleged guaranty, Mrs. Dellen N. Latham was solvent, and no demand was ever made upon her for the payment of said notes, or any one of them after their maturity, and no notice of non-payment was ever given to her.

" 3d. A true copy of the Quirk mortgage is as set up in plaintiff's petition.

"4th. The court finds all other facts, allegations and issues involved in the pleadings and case in favor of the plaintiff."

Upon these findings the court rendered judgment in favor of the defendant and against the plaintiff for costs. Afterward the plaintiff moved to set aside the first and second findings, and also moved for a new trial; which motions were overruled, and the plaintiff excepted, and, as plaintiff in error, brings the case to this court for review. The plaintiff, however, in bringing the case to this court, has not brought any of the evidence. (*Pritchard v. Madren,* 31 Kas. 38; *Ort v. Patrick,* 18 id. 382; *Turner v. Hale,* 8 id. 38.) Nor has he brought any of the pleadings to this court, except the third amended petition and the answer thereto, and the reply to such answer. (*Brookover v. Esterly,* 12 Kas. 149, 152, 153; *Moore v. Cutler,* 18 id. 607.) Hence our decision in this case must be founded solely upon such of the pleadings as have been brought to this court, and the above special findings. Presumptively, the findings are sustained by the evidence; presumptively, they are proper findings in the case; and, presumptively, the case was tried by both parties in such a manner as to indicate to the court that such findings would be at least responsive to the issues made by the pleadings in the case; and if any of these presumptions are ill-founded or not true, to the prejudice of the plaintiff, it devolves upon him to show the same affirmatively to this court. Defective pleadings, or a want of pleadings, may sometimes be waived or cured by the subsequent proceedings in the case. (*Walker v. Armstrong,* 2 Kas. 199; *Meagher v. Morgan,* 3 id. 372; *Smith v. Burnes,* 8 id. 197; *Mitchell v. Milhoan,* 11 id. 617, 626; *Holden v. Clark,* 16 id. 346; *Netcott v. Porter,* 19 id. 131; *Grandstaff v. Brown,* 23 id. 176; *Conaway v. Gore,* 24 id. 389; *Bierer v. Fretz,* 32 id. 330, 337, 338.) And may not any supposed defects in the pleadings in this case, or any supposed want of issues, have been waived or cured by the subsequent proceedings in the case? But may not even the pleadings themselves have been amply sufficient? From anything appearing in the case, the findings may have been sustained by ample evidence; and the evidence may have been

1. Questions, discussed.

introduced without the slightest objection on the part of either party, and upon the theory that it was competent and proper to sustain the issues in the case. The plaintiff admits that the first finding is within the issues made by the pleadings, and that it is sustained by sufficient evidence; and this is probably also true with respect to the other findings, though as to the second finding the plaintiff does not admit that it is true.

The first question which we shall consider is, whether it was necessary that there should have been some consideration for 2. Guaranty; con-  the written guaranty indorsed upon the mortgage. sideration.  We think this question must be answered in the affirmative. Mr. Daniel, in his work on Negotiable Instruments, § 1759, says: "It is necessary to the validity of a guaranty that it should be upon a valuable consideration." Mr. Randolph, in his work on Commercial Paper, § 856, says: "Every guaranty, like other contracts of parties to commercial paper, requires a consideration." Mr. Parsons, in his work on Notes and Bills, vol. 2, p. 125, says: "As a guaranty is an independent contract, it must be made upon a sufficient consideration." And, indeed, upon this subject all the authorities concur. "A guaranty is a *collateral* engagement to answer for the debt, default or miscarriage of *another* person." (De Golyar on Guaranties, etc., 1; Chitty on Contracts, 10th Am. ed., from 3d Eng. ed., 546.) In other words, a guaranty is a contract in and of itself; but it also has relation to some other contract or some obligation with reference to which it is collateral; and it always requires a consideration. It is true, that where the guaranty is executed at or about the time of the execution of the main contract, and both contracts form parts of the same transaction, one consideration may support both contracts. It is also true, where a contract is sold and assigned, and the guaranty is executed in contemplation or in pursuance of such sale and assignment, one consideration may support both the sale and the guaranty. But in all cases where the guaranty is executed after the execution of the original contract, or after a sale thereof, and not in

14 — 36 KAS.

pursuance of any understanding had at the time of the execution of the original contract or at the time of the sale, that such guaranty should be executed, neither the consideration for the original contract nor the consideration for the sale can support the guaranty. But the guaranty in all such cases must have a separate and an independent consideration; and unless it has, it is void.

In the present case "there was *no* consideration for the guaranty;" none whatever. The guaranty was a mere voluntary engagement, written upon the mortgage by one who did not execute either the note or the mortgage, who was never liable on either the notes or the mortgage, and who never owned either the notes or the mortgage, without consideration, and after the notes and the mortgage had been executed and sold and assigned. Hence the guaranty was at the time of its execution void. But the notes in this case were negotiable instruments payable to order, and the guaranty was indorsed upon the mortgage before the notes, or some of them, became due, and the same were transferred to the Roodhouse Bank possibly before the notes or some of them became due, though this is questionable; and therefore it is claimed by the plaintiff that the Roodhouse Bank was an innocent and *bona fide* purchaser of the notes and mortgage, and consequently that the guarantor Latham cannot interpose any equitable or other defenses in his favor. Of course Dunbar knew that there was no consideration for the guaranty, and from anything appearing in the case the Roodhouse Bank may also have known it. Besides, these notes were transferred to the bank in terms only by *assignment*—the words of the assignment being as follows: "*Assign* this note to the Roodhouse Bank as collateral security.—P. DUNBAR." Also, Dunbar was himself, in terms, only assignee. Now commercial paper, in Kansas, if *payable to order*, is *negotiable only by indorsement.* (Comp. Laws of 1879, ch. 14, §1; *McOrum v. Corby*, 11 Kas. 464.) And can it be said that the transfer of the notes to the bank in the present case was by *indorsement?* (See *Hatch v. Barrett*, 34 Kas. 223, 230, 231; *Williams v.*

3. Note; indorsement; question, discussed.

*Osbon*, 75 Ind. 281; *Keller v. Williams*, 49 id. 504; *Franklin v. Twogood*, 17 Iowa, 515; 2 Parsons on Notes and Bills, 52, 53; Randolph on Commercial Paper, § 786.) But passing over this question, certainly the writing of a guaranty *for the payment of the mortgage only, upon the mortgage only,* and *not upon the notes,* was not an *indorsement of the notes;* and a guaranty not in terms negotiable and not written upon the notes is not a negotiable guaranty. Indeed, the great weight of authority is that even if such a guaranty were written upon the notes themselves, the guaranty would not be negotiable. (Edwards on Bills, § 314; 2 Parsons on Notes and Bills, 132, 133; Randolph on Negotiable Paper, § 861; 2 Daniel on Negotiable Instruments, § 1774; Chitty on Bills, 250; Byles on Bills, 466; 1 Jones on Mortgages, § 830. See also *Tinker v. McCauley*, 3 Mich. 188; *Springer v. Hutchinson*, 19 Me. 359; *Myrick v. Hasey*, 27 id. 9; *Snevily v. Ekel*, 1 Watts & S. 203; *McDoal v. Yeomans*, 8 Watts, 361; *Canfield v. Vaughan*, 8 Martin, 682; *True v. Fuller*, 38 Mass. 140; *Taylor v. Binney*, 7 id. 479; *Lamourieux v. Hewit*, 5 Wend. 307; *Watson v. McLaren*, 19 id. 557.)

Mr. Randolph, in his work on Commercial Paper, § 861, says:

"As a general principle, a guaranty is not, strictly speaking, negotiable, and only the rights of the original party to the guaranty pass to subsequent holders."

This we think is a correct statement of the law. It cannot be said that the guaranty of an instrument by a person who did not *execute* the instrument, who was never liable on it, and who never *owned* it or *held* it in legal contemplation, is a *negotiable indorsement* of the instrument, or a *negotiable* guaranty of the same; and therefore, when the instrument so guaranteed is afterward transferred to another person, whether by an indorsement of the instrument or otherwise, only the rights of the guarantee as against the guarantor are transferred by the guarantee to such other person. A guaranty might, perhaps, be made negotiable by placing it upon a negotiable instrument and making the guaranty in its terms negotiable,

— that is, guaranteeing the payment of the instrument in terms "to order," or "to bearer." (Story on Promissory Notes, § 481.) But nothing of this kind was done in the present case.

**4. Guaranty, without consideration; practice.** The guaranty in the present case is not in its terms negotiable; nor was it placed upon an instrument which is in and of itself negotiable. A mortgage is never in and of itself negotiable; nor ever negotiable except as an incident of the notes which it secures; nor was the guaranty executed by a maker, payee or owner of the instrument guaranteed; nor was it, in commercial language, an indorsement. Only the holder of commercial paper can in legal contemplation "indorse" the same.

From what we have already said, it follows that the judgment of the court below must be affirmed, without reference to what our views might be upon the other questions discussed by counsel, or involved in the case. But a decision of these other questions would probably lead to the same result, independent of the questions which we have already discussed and decided.

The judgment of the court below will be affirmed.

All the Justices concurring.