# Chicago Trust & Savings Bank v. John G. Nordgren.

1. PROMISSORY NOTES—*Payable to the Maker's Order—Validity.*— A note payable to the maker's own order has no validity until indorsed by him and passed out of his hands.

2. SAME—*Second Indorsers—His Contract—Not to be Varied, etc.*— Where the maker of a promissory note, payable to his own order, indorses the same to another party, and such party also indorses it, he becomes a

second indorser, and whoever after this takes the notes, does so with notice of the contract of indorsement of the second indorser, and such contract can not be varied by oral testimony which tends to increase his liability.

3. SAME—*Indorser Presumably a Guarantor.*—When the name of a third person appears upon the back of a promissory note he is presumptively a guarantor, but this presumption may be rebutted by proof that the agreement between the parties was different.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Declaration on a guaranty of a promissory note; plea of the general issue; trial by the court; finding and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

### STATEMENT OF THE CASE.

On June 9, 1893, the appellee, John G. Nordgren, and August Frieberg, desiring to obtain $2,500, Frieberg made his note for that sum, payable to his order, due sixty days after date, and signed and indorsed it in blank. Thereupon, August Jernberg, being present, said to Frieberg and Nordgren, that if Nordgren would put his name to the note, he, Jernberg, could sell it and get the money on it from Tolman, and thereupon Frieberg handed the note to Nordgren and he indorsed it, returned it to Frieberg, who gave it to Jernberg, who carried it to Tolman at the Chicago Trust and Savings Bank and got the money on it, and this is a suit against Nordgren upon this note.

The declaration charges Nordgren as guarantor, in the special count, to which the common counts, copy of the note and indorsements are added.

The trial court held that owing to the position of the names upon the back of the note, Nordgren was liable as second indorser only, and that it was not admissible to show by evidence that Nordgren put his name upon the note as guarantor.

Appellant contends that it was perfectly admissible to show by evidence what the nature of the contract assumed by Nordgren was at the time he indorsed the note, and that upon the evidence heard he was liable as guarantor.

The note is as follows:

"$2,500.00.                          CHICAGO, Ill., June 9, 1893.

Sixty days after date I promise to pay to the order of myself, twenty-five hundred dollars, at South Side State Bank, Chicago.

Value received, with interest at 7 per cent per annum.

No. ——, Due ——.                          A. FRIEBERG."

Indorsed on back as follows:

"A. FRIEBERG."
"JOHN G. NORDGREN."

APPELLANT'S BRIEF, ASHCRAFT, GORDON & COX, ATTORNEYS.

Appellee was a guarantor of the note and not a second indorser. The court erred in holding the indorsement could not be explained. Miller v. Ridgley, 22 Fed. Rep. 896; Webster v. Cobb, 17 Ill. 459; Boynton v. Pierce et al., 79 Ill. 145; Cushman v. Dement, 3 Scam. 497; White v. Weaver, 41 Ill. 409; Lincoln v. Hinzey, 51 Ill. 535; Carroll v. Wild, 13 Ill. 682; Camden v. McCoy, 3 Scam. 437; Klein v. Currier, 14 Ill. 237; Worden v. Slater, 90 Ill. 160; Gridley v. Capen et al., 72 Ill. 11; Clark v. Morgan, 13 Ill. App. 597; Abbott v. Brown, 30 Ill. App. 376; Abbott v. Brown, 131 Ill. 108; Stowell v. Raymond, 83 Ill. 120; Donovan v. Griswold, 37 Ill. App. 616; Parkhurst v. Vail, 73 Ill. 343; Glickauf v. Kaufmann, 73 Ill. 378; Kingsland v. Koeppe, 137 Ill. 344.

The form of the note does not make Nordgren's contract that of indorser under the facts proven. 2 Parsons, Notes and Bills, p. 1; Tiedeman, Com. Pap., Sec. 7; Goode v. Martin, 95 U. S. 92; Hooper v. Williams, 2 Exch. 13; Childs v. Davidson, 38 Ill. 439; Hall v. Burton, 29 Ill. 321; Wilder v. DeWolf, 24 Ill. 191; Sec. 8, Chap. 98, Stat., Negotiable Instruments.

APPELLEE'S BRIEF, JOHN T. RICHARDS, ATTORNEY.

The note was a nullity while it remained in the hands of the maker, as there was no consideration for the indorsement of appellee as between the maker and appellee; for

while the note remained in the hands of the maker it was at most only a guaranty that the maker would pay to himself the amount of the note, and therefore created no liability on the part of the appellee. Blatchford v. Milliken, 35 Ill. 434.

After the note passed out of the hands of the maker, his name appeared upon the back of the note as a first indorser, and that of appellee appeared thereon as second indorser, and this legal presumption can not be overcome by parol testimony. The court must determine the liabilities of the parties from the note itself, and the position of their names thereon. Dietrich v. Mitchell, 43 Ill. 40; Allen v. Coffie, 42 Ill. 293; Johnson v. Glover, 121 Ill. 283; Clayes v. White, 65 Ill. 357.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Up to the time that the note was purchased by appellant it had no validity; until then there had been no consideration given or received for it.

Being payable to the order of the maker, and consequently having no validity until indorsed by him, when appellee's name was placed thereon it was placed there as that of a second indorser or assignor. Whoever after this took the note took it with notice of the contract of indorsement which Nordgren, appellee, had entered into, and that contract can not be varied by oral testimony which might increase his liability. Bogue v. Melick, 25 Ill. 91; Blatchford v. Milliken, 33 Ill. 434; Kayser v. Hall, 85 Ill. 511.

It is quite true that the Supreme Court of this State has in many cases said that where the name of a third party appears upon the back of a promissory note, he is presumptively a guarantor, which presumption may be rebutted by proof that the agreement between the parties was different. Kingsland et al. v. Koeppe et al., 137 Ill. 344, and cases there cited.

As to these cases it must be borne in mind that where the maker and payee of a note are the same person, there is,

even after indorsement by the maker, but one party to the note, the same person appearing both as maker, payee and indorser; and it is not until more than this is done, that is, not until the note thus made and indorsed has passed out of the hands of the maker, payee and indorser, that it has any validity as a promissory note. When transferred to another person the note then, for the first time, has two parties to it; then becomes a contract; has a maker and a payee, who are not one and the same person; such payee being the first payee, not the maker, the note has ever had; when *he* puts *his* name upon the note he is not a third party, but is the second party.

Oral evidence was not admissible to show that appellee's contract was that of a guarantor, because such evidence would be to vary the terms of his written contract.

Why, then, it is asked, is oral testimony admissible when the name of a third party appears upon the back of a note to rebut the presumption that he is a guarantor?

Promissory notes and bills of exchange are contracts *sui generis*. They import consideration and are negotiable. To a promissory note there are two parties, a maker and a payee; if the payee writes his name in blank upon the back of the note, he becomes an indorser and is liable as such to whomsoever the note may come.

In the beginning there were two promissory notes, as such, only makers, payees and indorsers; the practice, by third parties, of guaranteeing promissory notes afterward came into vogue; and in some cases such guaranties have been held not to be negotiable. True v. Fuller, 21 Pick. 140; Tinker v. McCauley, 3 Mich. 188; 2 Parsons on Notes and Bills, 134–135; Lamourieux v. Hewitt, 5 Wend. 308.

If not negotiable, the consideration of the contract of guaranty could not be inquired into. It is useless to attempt to reconcile the numerous authorities bearing upon the nature of the contract entered into by a third party in placing his name upon the back of a promissory note.

For the present cases it suffices that, as appellant admits, the Supreme Court of this State has, in three instances, de-

clared that where a note is made payable to the maker's
own order and is then indorsed upon the back by the maker,
a second person putting his name on the back immediately
following that of the maker, assumes the liability of, and
is, a second indorser.

The judgment of the Superior Court is affirmed.